STATE *ex rel.* ZIEGENHEIN v. BURR, *Appellant.*

Division Two, March 15, 1898.

1. **Practice: MISNOMER: JEOFAILS.** The defendant, whose name is William E. Burr, was named in the petition as William E. Barr, but process was served on Burr, and he appeared and answered. *Held* that the misnomer of the defendant, after due service upon him and after trial on the merits, is cured by the statute of jeofails. When the defendant appears by his right name in such cases, and makes defense on the merits, he is bound by the judgment.

VOL. 143 mo—14

2. **Mistake in Tax Bill:** MISPRISION. The tax bill in this case was made out against "Henry Brant, Wm. E. Barr, Curator." The trial court found there was a mistake in the spelling of the name. *Held*, that as the defendant was the *person* named in the tax bill, the misprision of the copyist will not affect a judgment against him for taxes.

3. **Taxation of Minor's Estate:** CURATOR. The State has authority, under section 7531, Revised Statutes 1889, to assess and levy taxes upon the property of a minor against his curator in possession thereof. It is the duty of the curator to list the minor's property for taxation, the assessor's duty to assess it against the .curator, and the curator's duty to pay the tax, and on his failure to do so an action can be brought against the curator and a personal judgment rendered against him therefor.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED (*with directions*).

*J. D. Johnson* for appellant.

(1) Inasmuch as the summons in the case was served on William E. Burr, the judgment is against him, and he is entitled to have the action of the trial court reviewed here, and if error was committed by that court, to have the judgment reversed. *Parry v. Woodson*, 33 Mo. 348; *Kronski v. Railroad*, 77 Mo. 370; *Chamberlain v. Blodgett*, 96 Mo. 483; *Weber v. Ebling*, 2 Mo. App. 15; R. S. 1889, sec. 2113. Wade on Notice, par. 1318. (2) The tax bill in suit was made against "Benton Brant, William E. Barr, curator;" consequently Benton Brant was the party assessed with the said taxes in contemplation of the statute, and no action could be maintained on said bill against either "William E. Barr" or William E. Burr; and the trial court erred in overruling William E. Burr's objections to the admission of the tax bill in evidence, in refusing to give the instruction for a nonsuit, offered at the close of plaintiff's evidence, in rendering judgment against defendant in the case, and in overruling the motion for a new trial. R. S. 1889, sec. 7626; *Jack-*

*son v. Shephard*, 7 Cow. 88; *Potts v. Cooley*, 51 Wis. 353; *Stevens v. Williams*, 70 Ind. 536; *Milner v. Clark*, 61 Ala. 258; *Chandler v. Spear*, 22 Vt. 388; *Newell v. Wheeler*, 22 N. Y. 486; *Hayes v. Hunt*, 85 N. C. 303; Cooley on Tax. [2 Ed.] 376; Blackwell on Tax Titles, 235; *Kellog v. McLaughlin*, 8 Ohio, 115; *Randolph v. Barbour*, 6 Wheat. 128; Const. of Mo., secs. 6 and 7, art. X; R. S. 1889, sec. 7303 and 7304. (3) If it be held that the assessment and tax bill is against "William E. Barr," who is named as curator therein then the action and judgment can not be maintained against William E. Burr; and the court below, on that theory, also committed the errors enumerated in point 2, *supra*. R. S. 1889, sec. 7626; *State v. Griffie*, 118 Mo. 188; *Whelen v. Weaver*, 93 Mo. 430; *Troyer v. Wood*, 96 Mo. 478; *State v. Mohr*, 55 Mo. App. 325; *State v. Brown*, 119 Mo. 527; *State v. Hoyt*, 123 Mo. 348.

*E. C. Slevin* for respondent.

(1) A curator is properly assessed for taxation with personal property in his possession belonging to his ward. R. S. 1889, secs. 7531 and 5279; *Payson v. Tufts*, 13 Mass. 493; *Baldwin v. Inhabitants, Etc.*, 8 Pick. 494; Cooley on Tax., p. 271. (2) Trial upon the merits and judgment for plaintiff cures misnomer of defendant. R. S. 1889, sec. 2113; *Kronski v. Railroad*, 77 Mo. 362; *Buck v. Railroad*, 45 Mo. App. 555; 16 Am. and Eng. Ency. Law, p. 129. (3) Though a tax bill be rejected in evidence, yet may the State prove its case by other evidence. *State ex rel. v. Hunt*, 113 Mo. 90; *State ex rel. v. Hutchinson*, 116 Mo. 399. (4) A defendant waives his demurrer to the evidence by presenting his own case. *Hilz v. Railroad*, 101 Mo. 36; *Jennings v. Railroad*, 112 Mo. 268; *Cadmus v. St. Louis Bridge Co.*, 15 Mo. App. 86; *Felix v. Bevington*, 52 Mo. App. 403.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of the city of St. Louis by William E. Burr, the curator of the estate of Benton Brant, a minor. By mistake, Mr. Burr's name was written William E. Barr, instead of *Burr* in the petition, but the process was duly served upon Mr. Burr and he appeared and answered. The certified tax bill contained the same error in the name of the curator but indicated the person as curator of Benton Brant and the defendant in his answer disclosed that he was in fact curator of said Benton Brant and continued to be such until after the taxes sued for were levied and had become due, to wit, September 16, 1889. The misnomer of the defendant after due service upon him and after a trial upon the merits is effectually cured by our statute of jeofails. Having appeared by his right name and made his defense on the merits the defendant is bound by the judgment. *Parry v. Woodson*, 33 Mo. 348; *Kronski v. Railroad*, 77 Mo. 370; *Chamberlain v. Blodgett*, 96 Mo. 482; R. S. 1889, sec. 2113.

II. The action is prosecuted against the curator for the taxes assessed against him on the property, $16,300, in his hands belonging to his ward Benton Brant for the year 1889. Section 7626, Revised Statutes Missouri, 1889, provides that "personal taxes assessed on and after June 1, 1887, shall constitute a debt for which a personal judgment may be recovered in the circuit courts of this State, against the party assessed with said taxes. All actions commenced under this law shall be prosecuted . . . . . . against the person or persons named in the tax bill and said taxes shall be set forth in a tax bill of said personal back taxes, duly authenticated by a certificate of the collector and filed with the petition," etc. Accompanying the petition in this case was the following certified tax bill:

City Book 4, Bill 136a,

State, School and City Taxes for 1889.

Received of Benton Brant, Wm. E. Barr, Curator...................................Dollars.

Residence, 3412 Morgan and 204 North Third Street.

Being the amount of State, School and City Taxes for the Year 1889 in St. Louis City, on Real Estate as below detailed, and on Personal Property.

| City Block | Street or Avenue | Feet Front | Feet Deep | Addition | Block | Lot | North | East | South | West | Specified Valuation | Designation of Taxes | Aggregate of Assessed Value | Amount of Taxes Dolls. | Cts. | Mills |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | **STATE.** Revenue......$0.15 cents on $100 Interest........ 0.10 cents on 100 Total.......... 0.25 cents on 100 | $16300 | 48 | 90 | |
| | | | | | | | | | | | | **PUBLIC SCHOOL.** General.........$0.40 cents on $100 Total.......... 0.40 cents on 100 | | 65 | 20 | |
| | | | | | | | | | | | | **CITY.** Municipal purposes ..$0.98 on $100 Interest on valid ｝ ... 0.40 on 100 Indebtedness ... Public School Library 0.02 on 100 Total............... 1.40 on 100 | | 244 | 50 | |
| | | | | | | | | | **DUPLICATE.** | | Personal Property, $16300 Total...... $16300 | | Total, | 358 | 60 |

I hereby certify this bill is correct and unpaid.

(Signed.) HEY. ZIEGENHEIN, Collector.

By LOUIS ALT, Deputy.

St. Louis, December 27, 1894.

Learned counsel now insists that because of the error in the name of the curator *Mr. Burr* in the tax bill causing it to read *Barr*, the judgment can not be sustained. The trial court evidently found there was a mistake in the spelling of the name of the curator. Indeed there was ample grounds in his answer to justify the court in so finding and having so found the case was properly prosecuted against him by his correct name. He was *the person* named in the tax bill notwithstanding the misprision of the copyist. A mere mistake in a letter in a name where the correct parties are before the court no longer affects the validity of a judicial proceeding.

III. The substantial point raised on this appeal is the right of the State to assess and levy the taxes upon the property of a minor against his curator in possession thereof. We can not find that this question has ever been determined by this court though it is not a new one in other States. It is conceded by the learned counsel for defendant that it is competent for the legislature by proper enactment to require taxes to be assessed against a curator in charge of a minor's estate and make it a personal charge against him, but he insists that our legislature has not done so. By section 7531 the assessor or his deputies are required between the first days of June and January "to call at the office, place of doing business, or residence of each person required to list property and shall require such person to make a correct statement of all taxable property *owned* by such person, or *under the care, charge or management of such person*," and the person listing the property shall enter a true and correct statement of such property in a printed or written blank prepared for that purpose and sign and swear to it. Elsewhere it is provided that from these lists so made the assessor's book is made up. Secs. 7553 and 7564. A curator under our stat-

utes has the possession of the estate of his ward, both real and personal, subject to the superintending control of the probate court.  R. S. 1889, sec. 5297.   It is his duty to represent his ward in all legal proceedings.   That "the care and management of the ward's estate" conferred by the statute, is such "care, charge and management" of the estate as is contemplated by the revenue law, we think can not be disputed and is such as makes it incumbent upon him to list it to the assessor.   If listed by and assessed to the curator it is his personal duty to pay the taxes out of the moneys in his hands as curator.   The fact that the curator is not the absolute owner of the property is no objection. The statute upon its face clearly indicates that a curator or other trustee shall list not only that which he owns in his own right but that over which he has "the care, charge, or management."    There can be no reason why a minor's estate should not bear its equal portion of taxation.   Who so appropriate then to list it and see that it is not exorbitantly assessed, and who so proper to pay the tax when assessed, as his curator? When it is conceded that a minor's estate is liable to taxation, it is apparent that either directly or indirectly the curator must furnish the funds to pay it, as he has charge of all the estate of the minor.   This question arose in *Payson v. Tufts*, 13 Mass. 493, in 1816, and it was held that a guardian of minors was liable to be taxed personally for the property of his wards in his possession and the same remedies existed against him on his default for their taxes as upon his own estate. *Baldwin v. Fitchburg*, 8 Pick. 494.  No question of domicile or of difference in residence arises upon this record.   We have the naked proposition of a curator in charge of his ward's estate.   An assessment against the curator for the taxes on that estate.   No claim that the ward has ever paid it, or that the property was liable

to taxation in any other county. We hold it was the evident intention of the legislature to require the curator to list the property and the assessor to assess it against the curator and the curator's duty to pay it and that the action was properly brought against the curator.

The judgment is affirmed with directions to correct the name of the defendant in the proceedings so as to make it conform to his true name, Burr. SHERWOOD and BURGESS, JJ., concur.