KANSAS CITY, Appellant, v. JULIA E. SIMPSON,
Guardian, Respondent.

**Kansas City Court of Appeals, June 3, 1901.**

Guardian and Curator: TAXING: DISCHARGE: LIABILITY. The
personal property in the hands of a curator became liable for taxes
on the first of January. The February following, the curator turned
over the property to his ward and was discharged on settlement.
*Held,* he should have given in the property for assessment and on
settlement retained sufficient to pay the taxes; failing to do these
he was personally liable for the assessment made by the assessor.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,*
Judge.

REVERSED AND REMANDED.

*A. W. Burnet* for appellant.

*Langston Bacon* and *W. A. Harnsberger* for respondent.

(1) It appears that the respondent gave in no assess-
ment list of her ward's property and that the city assessor made
the assessment on his own motion and it was his duty to charge
the right party. City Charter, chap. 5, sec. 12. (2) The
judgment of the probate court of Jackson county, Missouri,
on final settlement absolutely released the respondent from
any claim or liability as curator. Yeoman v. Younger, 83
Mo. 429; State to use v. Roland & Lehman, 23 Mo. 95;
Sheetz v. Kirtley, 62 Mo. 417; Patterson v. Booth, 103 Mo.
402; Goebel v. Foster, 8 Mo. App. 443.

ELLISON, J.—Defendant was the guardian of the person and curator of the estate of Laura Holmes, a minor. There was assessed against her in the year 1896, by the assessor of plaintiff city, a city tax on $11,420 in her hands as such guardian and curator. The assessment was made at the instance of the assessor himself, she having failed to make any return of the property. She was sued by plaintiff city for said tax. The revised charter of Kansas City, article 5, section 5, page 69, provides: "Every person owning or holding property subject to taxation for municipal purposes, on the first day of January of any calendar year, including all property purchased on that day, shall be liable for taxes thereon for the fiscal year beginning on the third Monday in April next thereafter." Defendant was finally discharged as guardian and curator by the probate court in February, 1896. The judgment in the trial court was for defendant.

In our opinion, the judgment was for the wrong party. The tax was assessed against defendant while she had the care, charge and management of the property and she became liable to the tax, it being in her possession and control on the day named by the law for assessment. There can be no doubt of what we have just stated. But it is suggested that only the estate is liable and not the guardian personally. The contrary was ruled in State ex rel. v. Burr, 143 Mo. 209. And also in Payson v. Tafts, 13 Mass. 493. The same rule of personal liability was asserted against executors and other trustees of personalty in Williams v. Holden, 4 Wend. 223. And so the rule was asserted against agents of non-residents who have personal property of their principals in possession, whether it consists of moneys, notes, or ordinary personal property. It was so held as to the money of a principal residing in England: Hutchison v. Board of Oskaloosa, 66 Iowa 35. And as to notes of principals residing in other states: People ex rel. v. Smith,

88 N. Y. 576; People ex rel. v. Willis, 133 N. Y. 383. And as to grain in possession of agent, on the day named for assessment: Walton v. Westwood, 73 Ill. 125. And as to sawlogs in possession of corporation agent: City of Merrill v. Champagne Lumber Co., 75 Wis. 142.

Defendant, however, insists, that after the day fixed for assessment of property she made final settlement, turned over the estate to the ward and was discharged by the probate court. We can not see how this consideration can affect her liability to the payment of the tax. That liability had become fixed before she was discharged. It was her duty, in the first place (since at that period she was still curator) to have given the property in to the assessor. Not having done so, it became the duty of the assessor to assess it as personal taxes to be levied against her. She should have paid the tax or provided for its payment in her settlement. She would, of course, have been entitled to credit on her account, if she had done so. In a case involving liability of agents for a non-resident principal, it was said (italics ours): "It also appears that on the first day of May the relators, as such agents, had $6,000 in money in banks. *It matters not that it was subsequently used.* It was there when the assessment was made, and was thus liable to be assessed." People v. Trustees, 48 N. Y. 390. In Williams v. Holden, supra, the Supreme Court of New York, as before stated, held executors personally liable for tax on personalty of the estate. In the course of the opinion it was said: "If the executor had made distribution of the estate, or otherwise parted with the property, without retaining sufficient to pay the tax previously imposed, he has done it in his own wrong; he had notice of the assessment and was bound to provide for its payment, and had a right to retain funds for that purpose."

As above stated, we consider that the plaintiff should have prevailed; the judgment will therefore be reversed and cause remanded. All concur.