# THE STATE ex rel. C. W. RICE. Collector, Appellant, v. C. E. PACKARD.

**Division One, May 31, 1913.**

1. **TAXES: Personal Liability of Executor: After Final Settlement.** An executor who has given in for taxation an assessment list of the personal property of an estate in his hands and afterwards made final settlement of the estate without reserving funds with which to pay such taxes as may thereafter be levied upon such assessment list, is personally liable to the State for the taxes so levied. Where defendant, executor of one Rhodes, made out a list of personal property he was holding as such executor on June 1, 1905, he became liable for the taxes for the ensuing year of 1906; and if he made final settlement of his administration and distribution of said estate according to the order of the probate court in September, 1905, and was discharged, without holding back enough of the estate money to pay the taxes for 1906, he became personally liable for such taxes, and a suit may be brought and maintained against him by the collector.

2. ————: ————: **Liens.** Personal taxes are assessed against the individual, and are not liens upon the property.

3. ————: ————: **Allowed by Probate Court.** Taxes are not required to be allowed as a claim against the estate, as do other claims, by the probate court; but should be paid by the administrator or executor, and he be given credit therefor in his settlements.

4. ————: ————: **Judgment of Probate Court as Bar.** A judgment of the probate court made in September, 1905, ordering the executor to "file the final receipts of said legatees and distributees for their said respective interests in said estate and 1905 taxes, and that on compliance herewith he be finally discharged as such executor," is no bar to a suit against the executor for the personal taxes of 1906, where the personal property of the estate in his hands as such executor on June 1, 1905, had been listed by him. At the time he made final settlement and was discharged he had in his own hands the means to pay the taxes of 1906, and it was not necessary that those taxes be allowed as a claim against the estate, and if he failed to protect himself by holding back enough money to pay them, it was his own fault, and the State should not be the loser for his neglect of duty.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED (*with directions*).

*Erasmus C. Hall* for appellant.

The defendant gave the list on which the assessment was made, duly signed and sworn to by him, to the county assessor, on June 26, 1905. Defendant after that made his final settlement in September, 1905, long before the assessor's books could be made up or filed, and had in his hands a large amount in excess of what would have been sufficient to pay all costs of administration and these taxes. The assessment included all property in his hands on June 1, 1905, as required by law. R. S. 1899, sec. 9144; R. S. 1909, sec. 11355. Personal taxes assessed on and after June 1st, each year, constitute a debt for which a personal judgment may be recovered. R. S. 1899, sec. 9246. Every person owning or holding property on the first day of June shall be liable for taxes thereon for the ensuing year. R. S. 1899, sec. 9186; DeGiverville v. Legg, 48 Mo. App. 576. So that when the defendant gave the list to the assessor he became liable personally for the taxes thereon for the ensuing taxable year and is presumed to know the provision of the law in reference thereto. Knowing this, he should have retained from the estate a sufficient amount with which to pay taxes. Failing to do this, he is estopped to plead his final settlement as executor. State ex rel. v. Burr, 143 Mo. 209; Kansas City v. Simpson, 90 Mo. App. 50; Zegenhein v. Tittman, 103 Mo. 563; State ex rel. v. Tobacco Co., 140 Mo. 224; Davis v. Krum, 12 Mo. App. 288. Under the law it was impossible for the county officer to have presented a claim against the estate represented by the defendant at the September term, 1905. Besides that, the law does not require that such demand must be presented

to the probate court, but requires the executor to pay such taxes. R. S. 1899, sec. 184. R. S. 1899, sec. 9144, authorizes the assessment and levy of taxes upon the property of estate against the executor or administrator in possession thereof, and it is his duty to list such property for taxation, the assessor's duty to assess it against the executor and the executor's duty to pay the tax, and on his failure to do so an action can be brought against the executor and a personal judgment rendered against him therefor. State ex rel. v. Burr, 143 Mo. 209; Woerner's Am. Law of Administration, pp. 1144 and 1151. The assessment in this case was properly made against C. E. Packard, executor of Rhodes' estate, and not against said estate only, as was suggested in State ex rel. v. Kenrick, 159 Mo. 631, and that case has no application here. The Kenrick case held that the executor was not liable personally where the assessment was against the estate only. In the case of State ex rel. v. Trust Co., 209 Mo. 493, the court holds that where the estate subject to taxation, and actually taxed, was in the hands of the executor, administrator or curator, as such, at the time the taxes were either assessed, levied or became due, and he had the wherewithal to pay them potentially in hand, a resulting duty to pay arose and he would therefore be personally liable therefor, citing State ex rel. v. Tittman, 103 Mo. 533.

*E. J. Smith* for respondent.

GRAVES, J.—Action for delinquent personal taxes. The petition is long, but need not be set out except in general outline, and thus only by a statement of the facts of the case.

Defendant is sued personally. He was the executor of the estate of Joseph Rhodes, deceased. As such executor on June 26, 1905, he gave an assessment list of the property in his hands as such executor. This list showed a valuation of $21,000. In due course this list

was made the basis for a tax assessment for the year
1906 in the aggregate of $308.70, and such taxes be-
came delinquent January 1, 1907. Suit was instituted
against Packard personally for these taxes. The tax
list was for property on hand June 1, 1905, and no ques-
tion is raised as to the regularity of the assessment.

Defendant's answer is in three counts: (1) a
general denial, coupled with certain admissions; (2) he
pleads the judgment of the probate court of Clinton
county on final settlement and avers that no appeal was
taken therefrom and that such judgment had in no way
been modified or changed, and that he had paid the
taxes in said judgment demanded; and (3) he pleads
that the plaintiff in this case made no demand before
the probate court or otherwise for the taxes sued upon
prior to such final settlement in September, 1905, "as
it was his duty to do if they were a legitimate demand
against the effects of said estate in his hands, but stood
by and suffered said settlement to proceed and final or-
der for distribution, as aforesaid, to be made, thereby
waiving any right to said alleged taxes that might
theretofore have existed."

The judgment on final settlement is the usual one
made in such cases and directs a distribution of the
funds in the hands of the executor to the several lega-
tees. The portion of that judgment relied upon by the
defendant reads:

"And it is further ordered that said executor file
the final receipts of said legatees and distributees for
their said respective interests in said estate and 1905
taxes, and that on compliance herewith he be finally dis-
charged as such executor."

The reply was as follows:

"For reply to defendant's amended answer, the
plaintiff denies all and singular the allegation thereof
not in conformity with the allegations of the petition.

"Further replying the plaintiff says that if it is true that the defendant, as the executor of the Rhodes estate, made final settlement of said estate, such settlement was made after the defendant had knowledge of the assessment sued on herein, and such settlement was made before the assessor had time in which to return such assessment and before the tax books could be made out, according to law, and that the judgment of the probate court is not a bar to this action."

This sufficiently outlines both the pleadings and the facts.

I. The real question in this case is, whether or not an executor, who has given in an assessment list of property in his hands for taxation, and then afterwards makes final settlement of the estate without reserving funds with which to pay such taxes as may be thereafter levied upon such assessment list, is personally liable to the State for the taxes so levied.

Personal Taxes: Liability of Executor.

It is a matter of no little moment, because if there is not some remedy the State will always lose the taxes upon estate property for at least one year. We are favored with no briefs by respondent. He rests his case here upon the presumption that the judgment *nisi* is right. But is it right? We think not. We must seek light from the statutes of 1899. By section 9144 the assessor between June 1st and January 1st is required to take a list of all taxable property. The manner of taking such list is thus prescribed by that section:

"He shall call at the office, place of doing business or residence of each person required by this chapter to list property, and shall require such person to make a correct statement of all taxable property owned by such person, *or under the care, charge or management of such person,* except merchandise which may be required to pay a license tax, being in any county in this State,

in accordance with the provisons of this chapter; and the person listing the property shall enter a true and correct statement of such property in a printed or written blank prepared for that purpose; which statement, after being filled out, shall be signed and sworn to, to the extent required by this chapter, by the person listing the property, and delivered to the assessor."

The italics are ours.

It must be noted that the statute covers not only actual owners of property, but those having property under their care, charge or management. Such list must be signed by the person listing the property and also sworn to by such person. Section 9186, Revised Statutes 1899 reads:

Every person owning *or holding property* on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon *for the ensuing year.*"

Again the italics are ours.

Under this section who is liable for taxes? If the owner of property alone were the person meant the phrase "or holding property" has no meaning. In fact it would have no place in the statute. Section 9151 of the same statute, reads:

"It shall be the duty of every judge of the probate court in each county in this State to certify to the county assessor, on the first Monday in June in every year, a written list of every administrator, executor and guardian, and of every other person legally in charge and control of any estate in the probate court; and thereafter, and upon such certification, it shall be the duty of the county assessor to take from each administrator, executor, guardian, and every other person legally in charge and control of any estate in such probate court, a list of the personal property, and to assess the same according to law."

This section was amended somewhat in 1903, but not to affect the matter we have in hand. From this it

appears that the probate court is required to apprise the assessor of the names of administrators, executors, and curators, and such persons are required to make out a list of the property under their control for the assessor. Not only so but "every person holding property [as contradistinguished from absolute ownership] on the first day of June . . . *shall be liable* for the taxes thereon *for the ensuing year.*" Now on June 1, 1905, the defendant in this case was holding under his care as executor $21,000 of property belonging to the estate of Rhodes, deceased. He made out the list as required by law, and under section 9186, he became liable for the taxes for the ensuing year of 1906, which are the taxes sued for in this case. Nor is it a hardship to make such persons liable, because they have in their own hands the means with which to liquidate the liability. It was never contemplated that the State should lose one year's taxes upon every estate which is finally settled, which would be the case if the defendant is to go acquit of liability in the case at bar. It must be remembered that these are taxes upon personal property, which are assessed against the individual and are not liens upon the property. The statute says that the executor must make out and sign the list upon which the assessment is made, and that the person *"holding"* the property on June 1st of any year shall be liable for the taxes assessed for the succeeding year. Taxes do not have to be allowed as other claims by the probate court, but should be paid by the administrator or executor, and he be given credit therefor in his settlements. [State ex rel. Ziegenhein v. Tittman, 103 Mo. l. c. 565.] In this case it is said:

"The Legislature evidently intended to place taxes on a different basis from other claims and to make them in a degree preferred demands, and it is made the duty of the administrator to pay them without waiting to have them allowed."

The nearest case we find is the case of State ex rel. v. Burr, 143 Mo. 209. In that case the taxes on the estate of a minor had been assessed against his curator. GANTT, P. J., thus discusses the question:

"The substantial point raised on this appeal is the right of the State to assess and levy the taxes upon the property of a minor against his curator in possession thereof. We cannot find that this question has ever been determined by this court though it is not a new one in other States. It is conceded by the learned counsel for defendant that it is competent for the Legislature by proper enactment to require taxes to be assessed against a curator in charge of a minor's estate and make it a personal charge against him, but he insists that our Legislature has not done so. By section 7531 the assessor or his deputies are required between the first days of June and January 'to call at the office, place of doing business, or residence of each person required to list property and shall require such person to make a correct statement of all taxable property owned by such person, or under the care, charge or management of such person,' and the person listing the property shall enter a true and correct statement of such property in a printed or written blank prepared for that purpose and sign and swear to it. Elsewhere it is provided that from these lists so made the assessor's book is made up. [Secs. 7553 and 7564.] A curator under our statutes has the possession of the estate of his ward, both real and personal, subject to the superintending control of the probate court. [R. S. 1889, sec. 5297.] It is his duty to represent his ward in all legal proceedings. That 'the care and management of the ward's estate' conferred by the statute, is such 'care, charge and management' of the estate as is contemplated by the revenue law, we think cannot be disputed and is such as makes it incumbent upon him to list it with the assessor. If listed by and assessed to the curator it is his personal duty to pay the taxes out of

the moneys in his hands as curator. The fact that the curator is not the absolute owner of the property is no objection. The statute upon its face clearly indicates that a curator or other trustee shall list not only that which he owns in his own right but that over which he has 'the care, charge, or management.' There can be no reason why a minor's estate should not bear its equal portion of taxation. Who so appropriate then to list it and see that it is not exorbitantly assessed, and who so proper to pay the tax when assessed, as his curator? When it is conceded that a minor's estate is liable to taxation, it is apparent that either directly or indirectly the curator must furnish the funds to pay it, as he has charge of all the estate of the minor. This question arose in Payson v. Tufts, 13 Mass. 493, in 1816, and it was held that a guardian of minors was liable to be taxed personally for the property of his wards in his possession and the same remedies existed against him on his default for their taxes as upon his own estate. [Baldwin v. Fitchburg, 8 Pick. 494.] No question of domicile or of difference in residence arises upon this record. We have the naked proposition of a curator in charge of his ward's estate. An assessment against the curator for the taxes on that estate. No claim that the ward has ever paid it, or that the property was liable to taxation in any other county. We hold it was the evident intention of the Legislature to require the curator to list the property and the assessor to assess it against the curator and the curator's duty to pay it and that the action was properly brought against the curator.''

We can see no substantial difference between the Burr case and the case at bar. There we had a curator, here an executor. The same statute as to assessment of property in their hands applies to both alike. The reason which applies to the one applies with equal force to the other.

One thought further.  If it is the duty of the executor to pay taxes without having claims for such allowed, then the judgment of the probate court pleaded in bar by this defendant cannot avail him.  It was his duty to pay these taxes and he had in his own hands the means wherewith to protect himself.  If he failed to so protect himself, the State, county and school district, to whom these taxes are due, should not be the losers.

The judgment will be reversed, with direction to the circuit court to enter a judgment for the plaintiff in accordance with the prayers of the petition.  It is so ordered.

All concur, except *Lamm, J.*, who is *dubitante*.