THE STATE at Relation and to Use of JOHN F. RUDDER, Collector of Revenue of St. Louis County, Appellant, v. ARTHUR A. HAPHE and SOUTHERN SURETY COMPANY.—31 S. W. (2d) 788.

Division One, October 14, 1930.

*W. F. Stahlhuth* for appellant.

462

*George Eigel* for respondent Southern Surety Company.

RAGLAND, J.—This is an action on an administrator's bond. The principal in the bond was not served. At the return term defendant Southern Surety Company, the surety· on the bond, demurred to the petition. The demurrer was sustained by the circuit court and, plaintiff declining to further plead, judgment was entered thereon in favor of the defendant. From such judgment plaintiff prosecutes this appeal.

The petition to which the court sustained a general demurrer on the part of defendant surety (deleting immaterial allegations) was as follows:

"The State of Missouri, which sues in this behalf at the relation and to the use of the Collector of the Revenue within and for the County of St. Louis, in the State of Missouri, plaintiff, for a cause of action, states:

"That John F. Rudder, the Collector above named, and the relator herein, is the duly elected and legally qualified and acting Collector of the Revenue within and for the county and State aforesaid.

"Plaintiff further states that defendant Arthur A. Haphe at the times next hereinafter mentioned was the administrator of the estate of Daniel R. Super, deceased, who, at the time of his death, was a resident of said county and of the city and school district hereinafter mentioned.

"Plaintiff further states that at the times next hereinafter mentioned said estate was in the course of administration in the probate court of said county, which court then had jurisdiction of said estate, and said defendant Arthur A. Haphe had the care, charge and management of taxable personal property belonging to said estate, which personal property was subject to taxation and was legally taxable in said county and in the city and school district herein mentioned, and was of value as follows:

"On the 1st day of June, 1922, of the aggregate assessed value of $12,500.

"That all said personal property was, at the times of the assessment for and levy of the taxes hereinafter mentioned, subject to assessment and taxation for the several taxes and tax funds hereinafter mentioned; that under and by virtue of the laws of the State of Missouri, the then duly elected, qualified and acting Assessor of the County of St. Louis, Missouri, and his duly appointed deputies, legally and within the time prescribed by law, duly listed and assessed said property to Arthur A. Haphe, the above-named defendant, and in his name: [Here follow allegations as to the steps taken, in accordance with law, in making up the assessment books, the levy of taxes and their extension on the assessment books and the delivery of such books to the collector;] that immediately thereafter said Collector of the Revenue made demand of defendant Arthur A. Haphe for the payment of said taxes; and gave legal and timely notice to all taxpayers, including defendant, that he was ready to collect and receive the several taxes herein referred to, at the time and place set out in said notice, but notwithstanding such notice, the defendant has failed to pay the same, and the same remain unpaid, as shown by the tax bill or bills duly authenticated by the certificate of the Collector, and filed herewith and marked 'Exhibit A;' that thereafter the Collector of the Revenue in and for said county made demand for the payment of, diligently endeavored and used all lawful means to collect said taxes as required by law; that notwithstanding the demand, diligent endeavor and use of all lawful means as aforesaid, the said Collector was unable to collect said taxes, and taxes upon said personal property, so assessed and levied, still remain unpaid and due to the several funds, for the different years and in the amounts following, to-wit:

For the year, 1923, for state, state interest, State capitol building tax, blind pension fund tax and soldiers' bonus fund tax ............................................$ 12.50
For county tax ....................................... 43.75
For road tax ........................................ 31.25
For road construction tax ........................... 31.25
For school tax, Clayton District ..................... 193.75

Amounting in all for year to   $312.50

"That the then Collector of said county, at the time, and in the manner and form fixed by law, made a list of delinquent personal taxes, which list included the taxes of defendant Arthur A. Haphe above referred to, and in which list all of said taxes are contained and extended for the several years for which said taxes were assessed and levied as aforesaid; that thereafter, the then Collector of the Revenue of the county aforesaid, returned said delinquent list in the manner and form prescribed by law, to the county court of said county, and said court, after doing all things required of it by law, delivered and returned to relator herein for collection according to law, the taxes contained in the delinquent tax list above referred to. . . .

"That all of said delinquent taxes due the plaintiff from the defendant Arthur A. Haphe are set forth in the tax bill of said personal back taxes, duly authenticated by the certificate of the relator, as such Collector, herewith filed, and marked 'Exhibit A.'

"That the taxes herein referred to became delinquent, according to law, on the 1st day of January next following the day when the tax books for the years herein mentioned were delivered by the County Court to the then Collector of the Revenue of said county and to relator herein, and by law it is made the duty of relator herein to proceed to enforce the payment of said taxes by suit. . . .

"Plaintiff further states that at the times herein mentioned the defendant Southern Surety Company was a corporation authorized to do and was doing business in the State of Missouri, and as such was authorized by law to become surety on bonds.

"Plaintiff further states that defendant Arthur A. Haphe, as principal, and defendant Southern Surety Company as surety, executed a surety bond in an amount required by law and by the order of the Probate Court of St. Louis County, Missouri, which bond was approved by said court, a certified copy of which bond is filed herewith and marked 'Exhibit 1;' that the conditions of said bond are that if the defendant Arthur A. Haphe shall faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration required by law, or the order or decree of any court having jurisdiction, then said bond shall be null and void, otherwise it shall remain in full force and effect; that at the time the assessments herein mentioned were made and at the time the taxes herein mentioned became due, there was sufficient funds in said estate to pay said taxes; that defendant Arthur A. Haphe made

final settlement of his administration of said estate and failed to pay said taxes, and the same are now past due and unpaid.

"Wherefore, plaintiff prays judgment against the defendant, etc."

In support of the action of the court in sustaining the demurrer to said petition, respondent makes these points: (1) No breach of the bond is alleged; (2) the final settlement of the administrator and his discharge terminated all liability under the bond.

I. Before considering the grounds urged in support of the demurrer, respondents' motion to transfer the cause to the St. Louis Court of Appeals on jurisdictional grounds should be disposed of. From the discussion which will follow it will be apparent that under the ruling in State ex rel. v. Adkins, 221 Mo. 112, the construction of the Revenue Laws of this State is involved. The motion to transfer is overruled.

II. It was a condition of the bond that the principal, Haphe, as administrator of the estate of Daniel R. Super, deceased, should "faithfully administer said estate, . . . and perform all other things touching the administration required by law." That it was the duty of Haphe to have paid the taxes mentioned in the petition, and that he incurred a personal liability in not having done so, are conceded. The immediate question is whether the duty to pay such taxes rested upon him as an individual, or in his capacity as executor. An inquiry into the source or sources of the duty will aid in the solution.

With reference to the duty mentioned in the preceding paragraph, the statute relating to revenue and taxation (Revision of 1919) contains the following provisions:

Section 12756: "Every person owning or holding property on the first day of June . . . shall be liable for taxes thereon for the ensuing year."

Section 12766 (amended in 1923 and 1927 in respects not material here): "He (the assessor) shall call at the office, place of doing business or residence of each person required by this chapter to list property, and shall require such person to make a correct statement of all taxable property owned by such person, or under the care, charge or management of such person."

Section 12773: "It shall be the duty of the county assessor to take from each administrator, executor, guardian, and every other person legally in charge and control of any estate . . . a list of personal property, and to assess the same according to law."

Section 12932: "Personal taxes assessed on and after June 1, 1887, shall constitute a debt for which a personal judgment may be recovered before a justice of the peace or in the circuit courts of this state against the party assessed with said taxes. All actions commenced under this law shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the collector and against the person or persons named in the tax bill."

From the foregoing it appears that every person owning *or holding* property on the first day of June is liable for the taxes thereon for the ensuing year; that it is the duty of every person to list with the assessor all taxable property owned by him, or *under his care, charge or management;* and that personal taxes constitute a *debt against the person assessed with such taxes*—the person named in the tax bill. If the person who holds or has under his care, charge and management personal property is liable for the taxes thereon, such taxes may be assessed against him or in his name; and when so assessed they constitute a personal debt for which a personal judgment against him may be recovered. Whether the care, charge and management of personal property devolves upon one as trustee, administrator, executor, or curator, or as agent of a non-resident principal, is of no consequence: he is made liable for the taxes on the property simply because he has charge and control of it, and not because of the capacity in which he holds it. And when the taxes are assessed against one so holding property the debt is his and not that of the estate or principal for whom he holds. If such a one pays the taxes assessed against him on account of property in his custody and control as administrator, he is of course entitled to reimbursement from the assets of the estate; but that fact does not make the taxes assessed against him the *debt of the estate as between it and the State to whom the debt is owing.* [State ex rel. v. Burr, 143 Mo. 209, 44 S. W. 1045; Kansas City v. Simpson, 90 Mo. App. 50.]

Turning next to the Administration Act, Section 181 (R. S. 1919) provides:

"All demands against the estate of any deceased person shall be divided into the following classes: . . .

"III. All debts, including taxes due the state or any county or incorporated city or town; and it shall be the duty of the . . . administrator to pay all such taxes without any demand therefor being presented to the court for allowance."

The taxes referred to in this section include personal taxes assessed against the estate during its administration as well as those assessed against the decedent in his lifetime. [State ex rel. v. Tittman, 103 Mo. 553, 15 S. W. 936.] But it is clear, on the grounds set forth in

the preceding paragraph, that taxes accruing after the death of the decedent are not debts or demands against the estate unless they have been assessed against it. Both the person "owning" and the person "holding" personal property are liable for taxes thereon, and such taxes may be assessed against either or both. But with respect to each they do not become a debt unless and until they are duly assessed against him in the manner prescribed by law. If such taxes are assessed against an estate while in the course of administration they immediately become demands against the estate, and it is the duty of the administrator to pay them without demand or presentation for allowance. And there can be no question but that an administrator who, having in his hands sufficient funds to pay such a demand, distributes the assets of the estate without making payment fails to "perform all . . . things touching said administration required by law." For such a breach of duty the administrator and his surety would be personally liable. [See State ex rel. v. Packard, 250 Mo. 686, 167 S. W. 598.]

In passing it may be added that the estate of a decedent is not fully administered, and consequently there can be no valid final settlement of the administrator, unless and until all demands growing out of the asessment of taxes against the estate have been paid, or their payment provided for. [See State ex rel. v. Holtcamp, 266 Mo. 347, and Wyatt v. Stillman Institute, 303 Mo. 94, 106.] These cases in effect overrule the earlier case of State ex rel. v. Kenrick, 159 Mo. 631, and cases following it. .

We come now to the question of whether there was a breach of the bond sued on. . That whether there was such a breach is dependent upon whether the taxes mentioned in the petition were assessed against the estate of Daniel R. Super must be manifest. If they were so assessed, Haphe's failure to pay them is a breach of his duty as administrator: if they were assessed against him in his individual capacity only, his failure to pay was a personal dereliction, not covered by the bond. Going now to the petition, we find that it leaves no doubt as to who was assessed with the taxes. It recites: "The then duly elected, qualified and acting Assessor of the County of St. Louis, Missouri, and his duly appointed deputies, legally and within the time prescribed by law, listed and assessed said property to Arthur A. Haphe, the above-named defendant, and in his name;" "that the then Collector of said county, at the time and in the manner and form fixed by law, made a list of delinquent personal taxes, which list included the taxes of defendant Arthur A. Haphe above referred to, and in which list all of said taxes are contained and extended for the several years for which said taxes were assessed and levied as aforesaid;" and "that all of said delinquent taxes due the plaintiff from the defendant Arthur A. Haphe, are set forth in the

tax bill of said personal taxes, duly authenticated by the certificate of the relator, as such collector, herewith filed and marked 'Exhibit A.' ''

According to ''Exhibit A'' referred to in the petition, the taxes were assessed ''to and in the name of Daniel R. Super, Est., Arthur A. Haphe, Admr.'' This could very well be construed to be an assessment against the estate, but the pleader evidently entertained a different theory. Unfortunately the exhibit cannot be considered in passing on the demurrer to the petition. ''Whatever may be the doctrine elsewhere, in this State a demurrer strikes squarely at the face of the petition and nowhere else. Mere exhibits, under our practice, constitute no part of the petition for the purposes of a demurrer. [Hubbard v. Slavens, 218 Mo. 598, 622.]

As Haphe's failure to pay the taxes named in the petition did not constitute a breach of the bond, and as no other is alleged, the demurrer was well ruled. The judgment of the circuit court is accordingly affirmed. All concur.