T. J. MOSS TIE COMPANY, Appellant, v. HASTON ALLEN, Collector of the Revenue for Oregon County.—300 S. W. 482.

Division One, December 7, 1927.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Will H. D. Green* and *W. J. Orr* for appellant.

*Bryan, Williams & Cave* for respondent.

442

*Will H. D. Green* and *W. J. Orr* for appellant in reply.

ATWOOD, J.—This is an equity suit in which appellant seeks to enjoin the Tax Collector of Oregon County, Missouri, from collecting so much of the taxes assessed and levied and which were due and payable in the year 1925 upon about 57,784 acres of its land in Oregon County as results from a valuation in excess of $1.25 per acre.

Respondent asserts that we are without jurisdiction to entertain this appeal, and assigns the following reasons: (a) the amount in dispute is less than $7500; (b) no constitutional question was pre-

served in the motion for a new trial; (c) there is no issue in this case which calls for the construction of a revenue statute or law; (d) the respondent is not a state officer. The abstract of the record discloses that the total tax, the collection of which is here involved, is $3838.96, and that the motion for a new trial contains no reference to any constitutional question. In fact, appellant's counsel apparently concedes the validity of the first, second and fourth reasons by replying only to assigned reason (c) which is, that there is no issue in this case which calls for the construction of a revenue statute or law.

It is true, as stated in State ex rel. v. Adkins, 121 Mo. 112, cited by appellant in support of our jurisdiction, that "the term 'revenue law' covers and includes laws relating to the disbursement of the revenue and its preservation, as well as provisions relating to the assessment, levy and collection of it." This would include Sections 3 and 4 of Article X of the Constitution of Missouri, providing that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," and that "all property subject to taxation shall be taxed in proportion to its value." We have carefully examined plaintiff's petition, defendant's answer, and the admissions of fact made and entered of record, and find no allegation that those charged with the duty of making the assessments made any classification of property for the purpose of taxation. All of plaintiff's lands were what were commonly known as "wild lands," and at the trial plaintiff sought to prove that all such lands in Oregon County had been put into a separate class and uniformly valued and assessed at the flat sum of five dollars an acre. This evidence was not only contradicted by countervailing testimony introduced by defendant, but defendant's answer, to which no reply was filed, plainly avers "that all the lands owned by other parties of the same class, character and quality as the lands owned by plaintiff are assessed to the other parties at a valuation of five dollars per acre and more." Furthermore, we find nothing in the entire record of the case indicating that defendant has anywhere joined issue with plaintiff as to the construction or meaning of these constitutional provisions or any revenue law or statute. Plaintiff frankly concedes, and at every stage of the case has conceded the construction and meaning given them by plaintiff, to-wit, that there can be no classification of property for the purpose of taxation, and that all property subject to taxation must be taxed in proportion to its value. The sole issue between the parties is one of fact, namely, whether the things admitted to be violative of these provisions were actually done in this case. As this court said in Kircher v. Evers, 238 S. W. 1086, speaking through James T. Blair, J., "the controversy did not arise on this phase of the case, out of a difference of opinion as to what the section mentioned means, but did arise rather upon the question of

fact whether the things said to be violative of that section had been done." What was further said in the same opinion, l. c. 1087, is also true of this case, to-wit: "It is clear that this record, in view of what has been said, does not show that a constitutional question was 'inexorably involved' (Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108) in the sense in which those words are used in connection with the question of appellate jurisdiction."

Being satisfied that there is no issue in this case which calls for the construction of a revenue statute or law, and that we are without jurisdiction to entertain this appeal, it is ordered that the cause be transferred to the Springfield Court of Appeals for its determination. All concur.