STATE OF MISSOURI, Respondent, *v.* CONRAD LEHR, Appellant.

February 24, 1885.

1. CRIMINAL LAW — PETIT LARCENY — MISDEMEANOR — FEL♦NY. — The second offense of petit larceny is a felony.

2. —— APPELLATE JURISDICTION. — The Supreme Court alone has appellate jurisdiction of felonies.

3. —— APPEALS. — An appeal from a conviction of a felony, taken to the St. Louis Court of Appeals after November 4, 1884, will be dismissed.

APPEAL from the St. Louis Criminal Court, VAN WAG-ONER, J.

*Appeal dismissed.*

W. BUSCH, for the appellant.

M. F. McDONALD, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is a prosecution upon an indictment for a second offence of petit larceny, under section 1664, Revised Statutes, 1879. That section, among other things, provides "if any person convicted * * * of petit larceny * * * shall be discharged * * * upon compliance with the sentence, and shall subsequently be convicted of any offence committed after such discharge, he shall be punished as follows * * * if such subsequent conviction be for petit larceny * * * by a term in the penitentiary for a term not exceeding five years."

The only definition of felony in our statutes is "an offence for which the offender, on conviction, shall be liable

by law to be punished with death, or imprisonment in the penitentiary." This, as construed by the supreme court, in *Johnston* v. *State* (7 Mo. 183), and *Ingram* v. *State* (7 Mo. 293), means any offence for which he may be so imprisoned.

While, therefore, petit larceny is a mere misdemeanor (sect. 1318, Rev. Stats. 1879), any person convicted of it, as for a second offence, under the provisions of section 1664, is guilty of a felony and punishable as such.

The indictment was found June 8, 1883, but the defendant was not tried until November 11, 1884, on which day he was tried, found guilty, and sentenced to imprisonment for two years in the penitentiary. From this judgment he took an appeal to this court on the 11th day of December, 1884. A statement of these facts suffices to show that this court had no jurisdiction of the appeal thus taken.

The fifth section of the amendment to the constitution, concerning the judicial department, adopted November 14, 1884, provides : —

" In all causes or proceedings reviewable by the supreme court, writs of error shall run from the supreme court directly to the circuit courts, and to courts having the jurisdiction pertaining to circuit courts, and in all such cases or proceedings, appeals shall lie from such trial courts directly to the supreme court, and the supreme court shall have exclusive jurisdiction of such writs of error and appeals, and shall in all such cases exclusively exercise superintending control over such trial courts."

And the eleventh section of the same amendment repeals in express terms all provisions of the constitution and all laws inconsistent with the amendment, upon its adoption.

The appellate jurisdiction of this court in cases of felony ceased with the adoption of this amendment, and all appeals taken after the 4th day of November, 1884, in such cases, had to be taken to the supreme court.

The appeal in this case not being taken on or prior to said day must be dismissed. It is so ordered. All concur.