## THE STATE v. ZINN, *Appellant*.

### Division Two, November 9, 1897.

1. **Criminal Law**: MALICIOUS TRESPASS: APPEALS: TITLE TO REAL ESTATE. On a conviction of malicious trespass "title to real estate" is not involved under section 12, article VI, Constitution of Missouri, as no judgment can be rendered in any way affecting the title or possession to the land upon which the trespass was committed, and the Supreme Court has no jurisdiction on an appeal from an order overruling a motion to quash an execution issued on the mandate of the St. Louis Court of Appeals affirming a conviction of malicious trespass.

2. **Felony**: MISDEMEANOR. In criminal cases the jurisdiction of the Supreme Court is governed by the grade of the offense, and not by the title to the property, which may be the subject of the crime. If it be a felony, the Supreme Court has jurisdiction; if a misdemeanor, courts of appeal.

State v. Zinn.

*Appeal from Lawrence Circuit Court.*—Hon. J. C. Lamson, Judge.

Appeal dismissed.

*Cloud & Davis* and *Norman Gibbs* for appellant.

(1) The acts charged are offenses against the lands of another, and to secure a conviction, the title to real estate is necessarily involved. To secure a conviction, the State must prove that the lands were the lands of another, and also that the accused had no interest therein. (2) As appears in this case there was no controversy as to the acts charged, but the sole contention grew out of the title of a strip of eighteen feet of land lying between the defendant and the prosecuting witness, Hagemeier, upon which the acts were committed; and it became necessary in the progress of the trial to investigate these antagonistic claims. (3) The defendant relied on his record title, and the State relied on a supposed agreement of former owners, as to the boundary between them, and upon such adverse possession as would settle the title on Hagemeier— both of which contentions were disputed by the defendant. (4) The acts that are prohibited and made criminal by the two sections on which this prosecution is bottomed, are acts against the realty, and not acts against the possession. So that the State can not rest upon proof of possession alone, but must prove title out of the defendant.

*Edward C. Crow*, Attorney-General, and *Henry Brumback* for the State.

(1) Cases involving title to real estate under section 12, article VI, of the Constitution of the State, are those wherein the title to real estate is the subject-mat-

ter of litigation and not such as only indirectly affect or involve some interest in real property. *Robertson v. Railroad*, 18 Mo. App. 187; *Swan v. Thompson*, 36 Mo. App. 162; *State ex rel. v. Court of Appeals*, 67 Mo. 199; *Bobb v. Wolff*, 105 Mo. 52; *Corrigan v. Morris*, 97 Mo. 174; *Lemmon v. Lincoln*, 130 Mo. 338. (2) "The Constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real estate must, in some way, be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence. This seems to be the view that this court has uniformly taken." *Hilton v. St. Louis*, 129 Mo. 391. (3) The utmost possible that appellant can contend for is, that a "question of title was involved in the trial" of the case; and not that any judgment rendered, or possible to be rendered, in the case could or would, in any manner, "affect the title to real estate."

BURGESS, J.—On the thirty-first day of August, 1893, the defendant was convicted in the circuit court of Lawrence county, on an appeal from a justice of the peace of said county of malicious trespass in cutting down and destroying a hedge fence, the property of another, and his punishment fixed at a fine of $60.

He appealed to the St. Louis Court of Appeals where the judgment of the circuit court was affirmed. *State v. Zinn*, 61 Mo. App. 476. After the mandate of the court of appeals was received by the clerk of the circuit court of said county, he issued an execution on the judgment against defendant for the amount of the fine, and the costs attending the prosecution, amounting in the aggregate to the sum of $79.60. The execution was made returnable on the second Monday of

February, 1896, that being the first day of the next
succeeding term of said circuit court.   The execution
was directed and delivered to the sheriff of said county,
who on the seventh day of January, 1896, levied upon
certain lands of the defendant.   After the lands had
been advertised for sale. by the sheriff under the execu-
tion, to wit, on the first day of the February term
(1896) of said circuit court, defendant filed his motion
to quash said execution upon the following grounds, to
wit:    *First*.   The execution was issued without author-
ity by the clerk.   *Second*.   The justice of the peace
had no jurisdiction of the cause of action to try and
determine the same and render a judgment thereon.
*Third*.   The circuit court had no jurisdiction on an
appeal to hear and determine said cause and render
judgment thereon.   *Fourth*.   The St. Louis Court of
Appeals had no jurisdiction or power to hear and de-
termine this case on appeal from the . circuit court.
*Fifth*.   The execution is void and unauthorized by law.
On the thirteenth day of February, 1896, said motion
was by the court overruled, whereupon defendant per-
fected his appeal to this court.

The ground relied upon by defendant for a re-
versal of the judgment of the circuit court in overrul-
ing his motion to quash the execution issued against
him upon the judgment for the fine and costs, is the
want of jurisdiction in the St. Louis Court of Appeals
in the original case.

It is argued by counsel for defendant that as it was
shown by the record in that case that the title to real
estate was involved, under section 12, article VI, Con-
stitution of Missouri, by which the Supreme Court is
given exclusive appellate jurisdiction in cases "involv-
ing title to real estate," that the St. Louis Court of
Appeals was without jurisdiction and its judgment void.
We are unable to concur in this position even if the

title to real estate was involved in that suit. But the title. to real estate was not involved in that case. No judgment was or could have been rendered therein in any way affecting the title or possession to the land upon which the trespass was committed.

In this position we are sustained by the following authorities: *Syenite Co. v. Bobb*, 97 Mo. 46; *Corrigan v. Morris*, 97 Mo. 174; *Skrainka v. Allen*, 2 Mo. App. 387; *Bobb v. Wolff*, 105 Mo. 52; *State ex rel. v. Court of Appeals*, 67 Mo. 199; *Schultz v. Tatum,* 96 Mo. 185; *Swan v. Thompson*, 36 Mo. App. 155; *Blondeau v. Sheridan*, 103 Mo. 134.

Moreover, the appellate jurisdiction of this court in criminal cases is governed by the grade of the offense, and not by the title to property which may be the subject of the crime. If it be a felony, it has jurisdiction. Article VI, sec. 12, State Constitution; *State v. McNeary*, 88 Mo. 143; *State v. Gilmore*, 28 Mo. App. 561; *State v. Lehr*, 16 Mo. App. 491. If a misdemeanor, the courts of appeal have jurisdiction.

It follows that this court has no jurisdiction of this appeal and it is therefore dismissed. GANTT, P. J., and SHERWOOD, J., concur.