S. M. WHITE ET AL., Appellants, v. J. B. BOYNE ET AL.—23 S. W. (2d) 107.

Division Two, December 11, 1929.

*J. E. Sater* and *C. E. Prettyman, Jr.,* for appellants.

*Horace Ruark,* for respondents.

WHITE, J.—This case arose in Newton County, was appealed to the Springfield Court of Appeals, and by that court transferred here on the ground that a construction of the state revenue law was involved.

The plaintiffs, S. M. White, John Ratliff and Charles Hawk, it is alleged, were duly elected and qualified directors of School District No. 52. The remaining parties plaintiff were resident taxpayers of that district. It is alleged that defendants J. B. Boyne, Charles Neil, Floyd Kritz, Arthur Breen, Gardner Embrey and E. W. Ely were declared to be elected directors of Consolidated School Dis-

trict No. 9, which included District No. 52. That defendant J. B. Manness was the duly elected and qualified Collector of Newton County. It is alleged that July 1, 1927, an attempt was made to consolidate four school districts, 52, 53, 71 and 105, under the name of Consolidated School District No. 9. The allegations sufficiently show that said District No. 9 then became at least a *de facto* municipal corporation, and thereafter discharged the duties of such.

It is then alleged that, July 17, 1927, the said directors of Consolidated School District No. 9 certified to the County Clerk of Newton County an estimate for a levy of forty cents on the hundred dollars' valuation for school purposes on the land comprising the district; that the levy made thereon was duly extended on the tax books of said county against the property in said district, and duly voted by the voters of the district; that the levy of forty cents on the hundred dollars' valuation made was without force and effect for certain reasons set out. The prayer of the petition is that the levy aforesaid be declared void and canceled, and the collector be enjoined and restrained from collecting that part of the taxes made by the defendant directors.

A demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, was filed by the defendant, and sustained by the trial court. Judgment was accordingly rendered against the plaintiffs, and they appealed.

The appellant cites Section 11262, Revised Statutes 1919, which provides: "Whenever any consolidated district is organized under the provisions of this article" (Art. 4, ch. 102), "the original districts shall continue until June 30th, following the organization of said consolidated district." Appellants argue that, since School District No. 52, which they represent, notwithstanding its incorporation, July 1, 1927, in School District No. 9, continued until June 30, 1928, it alone could provide for a levy of taxes for the territory composing it.

Respondents point to Section 11240, in the article relating to consolidated city and town school districts, which provides that within four days after the annual meeting the board shall meet, the newly-elected members be qualified, the board organized, etc., and elect a secretary and treasurer, who shall enter upon their respective duties. That applies to an annual meeting. Section 11257, Revised Statutes 1919, provides that the voters of any community may organize a consolidated school district, and that all the laws applicable to the organization and government of town and city school districts shall be applicable to the districts organized under this article. Section 11237, Revised Statutes 1919, provides that such a consolidation may be effected at an annual or a special election, and, further, that the directors elected at the annual or special

meeting must comply with the requirements of Section 11240 of this article. Respondents therefore argue that Section 11240 must apply to a newly-elected board, whether the same is elected at an annual or a special election which is called for the purpose of the formation of a consolidated school district. Here is direct conflict with the provision of Section 11262, as interpreted by appellant.

Thus it appears that the only question at issue is whether Consolidated School District No. 9 on July 17, 1927, was functioning as such and authorized to cause taxes to be levied for school purposes, or whether that duty remained with the districts of which No. 9 was composed until after the thirtieth of June, 1928.

No revenue law of this State is to be construed nor is any such law mentioned in the briefs. In order to give this court jurisdiction of the case on the ground that it involves the construction of the revenue laws of the State, the revenue law must be directly and primarily concerned, and not merely indirectly or as an incident. [State ex rel. Hadley v. Adkins, 221 Mo. 112, l. c. 118.] In that case Judge LAMM cited many cases and elaborated the doctrine at length. Likewise, as said in that case, where the question is merely one relating to the general practice in the courts, although the case may pertain to the collection of taxes, yet the revenue laws are not involved in a constitutional sense. The conclusions there have been approved in later cases. [State ex rel. v. Reynolds, 243 Mo. 715, l. c. 722; Moss Tie Co. v. Allen, 318 Mo. 440.]

The Springfield Court of Appeals in State ex rel. Fleener v. Consolidated School District No. 1, 238 S. W. 819, had under consideration the very questions involved in this case, and retained jurisdiction. The only question for consideration is whether School District No. 52 alone had authority to levy taxes on the property in that district, or whether Consolidated School District No. 9 had such authority in July, 1927. Whether authority vested in one or the other of those districts did not depend upon any construction of any revenue law. That law was not drawn into the controversy directly or indirectly. The only question was whether said District No. 9 was organized so as to be able to perform all the functions of a school district.

This court being without jurisdiction, the cause is remanded to the Springfield Court of Appeals. All concur.