S. W. White et al., Appellants, v. J. B. Boyne et al., Respondents.—30 S. W. (2d) 791.

Springfield Court of Appeals. August 25, 1930.

*J. E. Sater* and *C. E. Prettyman, Jr.* for appellant.

598

*Horace Ruark* for respondents.

COX, P. J.—Action to restrain collection of certain school taxes on the ground of alleged illegal levy. A demurrer to plaintiff's petition was sustained and paintiffs refusing to plead further, judgment was entered for defendants. Plaintiffs appealed to this court.

When this case first reached this court we were of opinion that it involved a construction of the revenue laws of the State and transferred it to the Supreme Court for that reason. [See 11 S. W. (2d) 1083.] The Supreme Court held otherwise and sent the case back to this court. [See 23 S. W. (2d) 107.]

From the conclusion we have reached in this case, it will not be necessary to set out the petition at length but shall content ourselves with a brief summary of the allegations therein, which, coupled with the record, we think makes our conclusion imperative.

The petition alleges that an attempt was made to organize a consolidated school district by combining four districts, one of which

was No. 52. An election for that purpose was held July 1, 1927, and the proposition carried and directors for said consolidated district were elected on that date. These directors on the same day made an estimate of $0.40 on the $100 valuation for school purposes to maintain school in the consolidated district for the year 1927 and sent this estimate to the county clerk who extended it on the tax book. The same directors of the newly formed consolidated district called an election to be held on July 17, 1927, to vote an increase of $0.30 on the $100 valuation for school purposes. At that election that proposition carried and was certified to the county clerk and by him extended on the tax books. This made a total levy by the consolidated district of $0.70 on the $100 valuation. It is alleged that the directors of District No. 52, who are three of the parties plaintiff in this case, had made an estimate of $0.35 on the $100 valuation for school purposes for the year 1927 in said district and had forwarded same to the county clerk prior to May 15, 1927, as required by law, and that the same had been extended on, the tax books against the property in said District No. 52.

The purpose of this action is to restrain the collection of all taxes levied by the consolidated district for school purposes for the year 1927. The point is made that since the consolidated district was not organized until after June 30, 1927, it could not maintain school as a consolidated district and levy taxes therefor in the school year 1927. We mention this to show the legal question sought to be raised and have decided in this case. It is our opinion, however, that the further facts shown by the record, force us to the conclusion that plaintiffs have slept on their rights and the delay in bringing suit to enforce them prevents their recovery in this action. This petition was not filed until January 23, 1928. The right to injunctive relief is one that appeals to the sound discretion of the court and unless it appears that the trial court has abused that discretion in refusing such relief, the appellate court will not interfere. A case quite similar to this on its facts is Lyons v. School District, 311 Mo. 349, 278 S. W. 24. In that case it was sought to enjoin the collection of school taxes which, it was contended, had been illegally levied. A demurrer to plaintiff's petition was sustained as in this case. The judgment was affirmed chiefly on the ground of delay in bringing suit. In that case, the suit sought to enjoin taxes levied for the year 1921 and the petition was filed in December, 1921. In discussing the question of laches in bringing the suit the Supreme Court said, beginning on page 367: "In the period after the vote and a levy of taxes and upon the credits thereof contracts are made in anticipation of the opening and the necessary maintenance of the schools. It is apparent that at the time the suit was filed a considerable part of the taxes must have been paid and before the time of its determi-

nation, the greater portion would be paid. It is true, as urged by counsel for plaintiff, that injunction is a proper remedy to enjoin the collection of taxes levied in excess of the rates allowed by the constitution or without authority of law but there are other conditions precedent to the proper exercise of such a remedy. In such cases the injury to the complaining party must appear to be substantial and not disproportionate to the relief sought or to the loss and inconvenience of others and of the public *and the application must be seasonably made in view of all the conditions.* (Italics are ours.) Counsel cites authorities for the contention that before a court can sustain a demurrer on the ground of laches the petition must disclose upon its face that the defendant was prejudiced or put to some disadvantage by the delay and also it must appear that the plaintiff had knowledge during the delay of the facts of his rights. The cases cited upon this point are cases dealing with private controversies with facts arising out of the acts of private persons and are not on matters involving the exercise of a public corporation or *quasi*-public corporation of the powers of taxation and expenditure of public monies according to the statutory and constitutional provisions begun upon notice to the public, take a form, at times, prescribed by law, and involve matters of interest to all that part of the public within a given district. The acts set out in the petition are the acts of public officials affecting all members of the corporate community of which plaintiff was also a member. Not only is the question of what constitutes laches in a given case a question for the exercise of a sound discretion of the court but the propriety of the issuance of an injunction in a given case is also a matter wherein a sound discretion is to be exercised.''

The Supreme Court in returning this case to this court wrote a short opinion in which it held that under the allegations of this petition, the consolidated district that made the tax levy in controversy was a *de facto* corporation. It must, therefore, be considered by us as acting as a corporation.

The essential facts set out in the petition in the Lyons case are so similar to the facts pleaded in this case that we feel bound by that decision. In that case the petition was filed in December after the levy and, as the court said, after contracts had evidently been made on the supposition that the taxes levied would be paid and after, in all probability, a considerable portion had been paid. The petition in this case was not filed until January following the levy and after all unpaid taxes had become delinquent. It is but fair to assume that at that time practically all parties except these plaintiffs had paid their taxes and part of the money had been expended in maintaining schools in the consolidated district. We are unable to find that the trial court exercise an unsound discretion in sustaining the de-

murrer to the petition in this case. Had plaintiffs brought this suit immediately after the levy was made, we should have a very different situation and could then have passed on the merits of the controversy.

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.