[1] The purpose sought by this suit is stated by the appellants in their brief as follows:
[2] "This is an action to have a special election of School District 72, Mercer County, Missouri, held on June 26, 1948, declared null, void and of no effect; and to restrain one of the Defendants, Eleanor Brassfield, Clerk of the said School District from certifying to Elbert Hubbard, Clerk of Mercer County, Missouri, the results of said election; and to restrain one of the Defendants, Elbert Hubbard, Clerk of Mercer County, Missouri, from assessing and levying any taxes as the result of said election.
[3] "The action was comenced in the Circuit Court of Mercer County, Missouri, by Appellants, as Plaintiffs, filing a petition and application for permanent injunction. The petition charged that the election held in said School District on the 26th day of June, 1948, was null, void and of no effect in that insufficient notice of said election had been given to the Appellants and other *Page 492 
resident householders of said School District."
[4] Appellants claimed that the notices were insufficient in two respects. They were: first, that only four notices of the election had been posted, whereas Section 10358, R.S.Mo. 1939, as amended by Laws of Missouri, 1945, p. 1630, Mo.R.S.A. § 10358, and Section 10418, R.S.Mo. 1939, Mo.R.S.A., require five such notices to be posted; second, that the notices specified the time of holding such election to be from 3 o'clock P.M. to 5 o'clock P.M., whereas the statute 10418, supra, provides that such elections shall begin at 2 o'clock P.M.
[5] The validity of the election was the sole issue tried. The trial court found for the defendants and plaintiffs appealed.
[6] We have carefully examined the record and briefs in this case and have determined that this court does not have jurisdiction of this appeal. Appellants in their brief state that this court has jurisdiction for the following reasons:
[7] "The School District is an agency of the state, and as such, any act of a School District is state action within the due process clause of the Constitution of the United States, and Constitution of the State of Missouri. That the Appellants, as qualified voters of said School District, were deprived of their privilege of franchise in said school election by the insufficient notice given and that Section 11(c) of Article 10 of the Constitution of Missouri of 1945 bestowed upon the Appellants the right of franchise where there was proposed an increase in the rate of taxation.
[8] "That by reason of the great public interest involved in the construction of the statutes in question here, the jurisdiction of the Supreme Court of the State of Missouri should be invoked; and further by reason of the lack of due notice of the election held, a Constitutional question is involved; that this case involves the revenue laws of this state; and the Defendants herein are State Officers, and therefore, this Court has jurisdiction."
[9] This court's appellate jurisdiction is prescribed by Section 3 of Article 5, Constitution of 1945. There is no constitutional question involved in this case and appellants in their petition did not raise any such question. To give this court jurisdiction the constitutional question must be raised at the first opportunity and kept alive, and it must also be real and substantial and not merely colorable. 21 C.J.S., Courts, § 404, p. 655; Red School Dist. No. 1 of St. Charles County, Mo., v. West Alton School Dist. No. 2 of St. Charles County, Mo.Sup., 159 S.W.2d 676.
[10] A school district is not such a political subdivision of the state as to give this court appellate jurisdiction on that ground. 21 C.J.S., Courts, § 407, Note 64, p. 666; State ex rel. and to Use of Markwell v. Colt, 355 Mo. 55, 194 S.W.2d 1021; State ex rel. Cravens to Use of Consol. School Dist. No. 2 of Worth County v. Thompson, 322 Mo. 444, 17 S.W.2d 342, loc. cit. 344(4); State ex rel. Miller v. Board of Education, Mo.Sup., 18 S.W.2d 26, loc. cit. 27(3,4).
[11] We do not have jurisdiction on the ground that the revenue laws of this state are involved. In State ex rel. Miller v. Board of Education, Mo.Sup., 18 S.W.2d, supra, loc. cit. 27(3,4), this court said, "To vest this court with jurisdiction on this ground, the construction of the revenue laws must be directly and primarily concerned, not merely indirectly or as an incident." See also 21 C.J.S., Courts, § 406, p. 665, and cases there cited.
[12] Appellants in their brief state that the defendants are state officers. To this we cannot agree. Members of the county court, a county treasurer, and a county superintendent of schools have been held not to be state officers within the meaning of the constitutional provision governing appellate jurisdiction of this court. Therefore, a county clerk and a clerk of the school district are not state officers. Hill v. Hopson, 221 Mo. 103, 120 S.W. 29, loc. cit. 31(2); Normandy Consolidated School Dist. of St. Louis County v. Wellston Sewer Dist. of St. Louis County, Mo.Sup., 74 S.W.2d 621, loc. cit. 622; State ex rel. and to Use of Gorman v. Offutt, Mo.Sup., 9 S.W.2d 595. *Page 493 
[13] This case, therefore, must be and is hereby transferred to the Kansas City Court of Appeals.
[14] It is so ordered.
[15] BOHLING and BARRETT, CC., concur.