[1] Appellants filed a petition in the circuit court of Jefferson County, Missouri, seeking to enjoin the respondents from levying a tax which had been authorized by the voters of Consolidated School District No. 3 of Jefferson County at a special election held in that district on April 29, 1948, whereby the tax rate was increased fifty cents in excess of one dollar on the one hundred dollars assessed valuation; and seeking further to restrain respondents from assessing and collecting taxes based upon that rate.
[2] The petition alleged that the special election was null and void for the reason that the notice of election did not comply with the statutes, namely, Sections 10347, 10358 and 10395 of the Laws of 1945, pages 1630-1631, Mo.R.S.A. §§ 10349, 10358, 10395, and Section 10418, R.S.Mo. 1939, Mo.R.S.A. The petition also alleged that the election was "null and void for the further reason that said 50¢ increase on the $100.00 valuation would exceed the amount allowed by the Constitution of Missouri, to-wit, `five per centum of the value of taxable tangible property,' as provided in Article VI, Section 26(b), Constitution of Missouri, 1945 [Mo.R.S.A.]."
[3] Respondents Raymond F. Gasche, William G. Reinemer, Fred Whitehead, Frank Danneman, Jr., George Huskey and Leon *Page 494 
Hall, as directors of Consolidated School District No. 3, filed their separate motion to dismiss appellants' petition for the reason that the petition showed upon its face that it did not state facts entitling appellants to injunctive relief or to any relief against these respondents. Respondents C. Glenn Murray, County Clerk, W. Dwight Schubel, Collector of Revenue and Clyde Hamrick, Superintendent of Schools, filed their separate motion to dismiss appellants' petition for the same reasons.
[4] The trial court sustained the motions to dismiss and the appellants have duly appealed to this court.
[5] Appellants state that we have jurisdiction of this appeal because the construction of revenue laws of this state is involved and because a constitutional question is involved.
[6] The construction of revenue laws is not before this court. The question raised by the appellants in their petition was whether the notice of election was sufficient. It may be that the revenue laws are indirectly or incidentally involved, for instance, if the election turns out to be valid the rate of taxation is higher. But before this court is vested with jurisdiction on this ground, the construction of the revenue laws must be directly and primarily concerned and not merely indirectly or as an incident. Young et al. v. Brassfield et al., Mo.Sup., 223 S.W.2d 491.
[7] There is no constitutional question in this case. Appellants in their petition state that the election is void for the reason that the special election authorizing the tax increase was null and void because it would exceed the amount allowed by Article VI, Section 26(b) of our 1945 Constitution. In their brief the appellants do not rely on this section. In fact, they do not mention it. It was not kept alive. We have ruled innumerable times that to give this court jurisdiction the constitutional question must be raised at the first opportunity and kept alive, and it must be real and substantial and not merely colorable. L. M. Young v. Brassfield, supra.
[8] Since we do not have jurisdiction of this appeal, it is ordered that it be and is hereby transferred to the St. Louis Court of Appeals.
[9] All concur.