STATE of Missouri, Respondent,

v.

Herbert Christian LAURIDSEN, Appellant.

STATE of Missouri, Respondent,

v.

Michael Robert GRINCHUK, Appellant.

STATE of Missouri, Respondent,

v.

Wayne Herbert BREWER, Appellant.

STATE of Missouri, Respondent,

v.

Ralph William BIRD, Appellant.

STATE of Missouri, Respondent,

v.

Louis Dahl BRUNOW, Appellant.

Nos. 46533–46536, 46733.

Supreme Court of Missouri,
Division No. 1.

March 10, 1958.

Motion for Rehearing or to Transfer to
Court en Banc or to Modify Opinion
Denied April 14, 1958.

Opinion Modified on Court's Own Motion
April 14, 1958.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellants.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HYDE, Judge.

In these cases, consolidated on appeal, each defendant was found guilty of violation of Section 301.270 (statutory references are to RSMo and V.A.M.S.), the penalty for which is fixed by Section 301.-440, and fined $25. Defendants have appealed from this judgment of conviction and sentence. These cases were tried on agreed statements of facts.

Since these offenses are misdemeanors, the question of our jurisdiction arises and has been briefed by both parties. See Sec. 3, Art. V, Const. Defendants claim we have jurisdiction because they say the construction of the revenue laws of this state is involved and also because they say the construction of the Constitution of the United States and of this state is involved. As to these cases involving the construction of the revenue laws, defendants cite State v. Looney, 116 Mo.App. 592, 96 S.W. 316, affirmed 214 Mo. 216, 97 S.W. 934, opinion adopted en Banc 214 Mo. 216, 99 S.W. 1165. It is true that in transferring that case, the Court of Appeals said (116 Mo.App. loc. cit. 593, 96 S.W. loc. cit. 316): "We incline to the opinion that the jurisdiction of this appeal is in the Supreme Court as involving a construction of the revenue laws of the state. It involves, too, the interstate commerce clause of the national Constitution, if that point was properly raised below." In support of its

ruling the Court of Appeals cited three cases, all of which involved construction of the commerce clause, and, in taking jurisdiction, we said (214 Mo. loc. cit. 218, 97 S.W. loc. cit. 934) the Court of Appeals "has certified the cause to this court because a constitutional question is involved." Therefore, the Looney case is not a controlling authority for the proposition that conviction of a misdemeanor for violation of a statute requiring procurement of a license involves construction of the revenue laws of this state so as to place jurisdiction of appeals from such convictions in the Supreme Court.

In State v. McNeary, 88 Mo. 143, we held that we did not have jurisdiction (on the ground that the construction of the revenue laws was involved) of a conviction of misdemeanor for keeping a dramshop without a license in violation of the law of the state. The McNeary case was cited as authority in State v. Zinn, 141 Mo. 329, 42 S.W. 938, for holding that the Supreme Court did not have jurisdiction of an appeal from a misdemeanor conviction of malicious trespass on land (on the ground that title to real estate was involved), in which we said: "The appellate jurisdiction of this court in criminal cases is governed by the grade of the offense, and not by the title to property which may be the subject of the crime." It has been well established that, to give the Supreme Court jurisdiction, the revenue law must be directly and primarily concerned and not merely indirectly or as an incident. State ex rel. Hadley v. Adkins, 221 Mo. 112, 119 S.W. 1091; State ex rel. Miller v. Board of Education, Mo.Sup., 18 S.W.2d 26; White v. Boyne, 324 Mo. 176, 23 S.W.2d 107; Young v. Brassfield, Mo.Sup., 223 S.W.2d 491; Hurtgen v. Gasche, Mo.Sup., 223 S.W.2d 493; Cooper v. School Dist. of Kansas City, 362 Mo. 49, 239 S.W.2d 509. In this case, there is no contention that Section 301.270 or any other statute is invalid or unconstitutional and it is conceded that defendants were required to have licenses either in this state or the state of their employer's residence. The principal fact issue is which state (Nebraska or Iowa) is the state of their employer's residence. In a criminal case, the real question to be decided is the guilt or innocence of the defendant; did he or did he not violate the law he is charged with violating? Indirectly involved may be other issues, such as in the trespass case, above cited, the defense may be that the defendant owned the land. However, the result of the case (conviction or acquittal) could have no direct effect upon the title. So, in a case of conviction or acquittal on a charge of operating without a proper license, required by a revenue statute, the result does not directly affect the right of the state to collect revenue, prohibit it from collecting any revenue, or to do any act or enforce any obligation in connection therewith, or to directly adjudge or enforce the payment of any revenue. If we should uphold defendants' contention that the construction of the revenue laws is directly and primarily involved, we would have to hold that we had jurisdiction in every misdemeanor case in which there was a conviction for failure to get a license or to do or fail to do any other act in connection with the assessment or payment of taxes, which is made such an offense. Therefore, our conclusion is (paraphrasing State v. Zinn, supra) the appellate jurisdiction of this court in criminal cases is governed by the grade of the offense and not by indirect and incidental determinations as to compliance with revenue laws which may be the subject of the crime.

The constitutional question claimed by defendants is that if it be held their acts constituted a violation of Section 301.270 this would impair the obligations of a valid and subsisting contract in violation of Art. I, Sec. 10, clause 1 of the United States Constitution and Art. 1, Sec. 13 of the Missouri Constitution. The facts upon which this claim is based, are that an agreement was made, January 31, 1952, between Missouri and Iowa concerning reciprocal motor vehicle taxes and fee exemptions,

under which defendants contend they were exempt from all Missouri fees and license taxes. The agreement was made on behalf of Missouri by the Public Service Commission (signed by its Chairman) and the Department of Revenue (signed by its Director). Defendants drove vehicles having Iowa license tags although their employer was a Nebraska Corporation. (Missouri also had a reciprocity agreement with Nebraska, made February 4, 1944.) However, the vehicles operated by defendants were maintained at and operated from a terminal owned by the employer company in Des Moines, Iowa. Defendants' contention is that they were entitled to operate in Missouri, with Iowa licenses, under the terms of the reciprocity agreement between Missouri and Iowa. They say the Attorney General of Missouri has written an opinion stating that Section 301.270 alone governs and they were found guilty of violating it. They say: "The question here is whether an administrative construction of a statute does not constitute an unconstitutional impairment of a contract between two states." However, there is no opinion of the Attorney General in the record or even mentioned in the motion for new trial. This appeal is not from any opinion, act or order of the Attorney General or any other State officer, but is instead, an appeal from a conviction for violation of Sec. 301.270.

■■ The State's contention is that reciprocity as to license tax fees is governed solely by Section 301.270. It says there is no statutory authority for the Department of Revenue to make any reciprocity agreement and that the only authority of the Public Service Commission is that given by Section 386.220 to make such agreements as to Public Service Commission fees. Defendants are really contending that the construction of these statutes by trial court is wrong. "It is well settled that the construction, whether right or wrong, which the trial court puts on a statute, does not raise a constitutional question giving this court jurisdic-

tion on appeal." Commercial Bank of Jamesport v. Songer, Mo.Sup., 62 S.W.2d 903, 907; see also Phillips Pipe Line Co. v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636, 637; Knight v. Calvert Fire Ins. Co., Mo.Sup., 260 S.W.2d 673, 674; State v. Harold, 364 Mo. 1052, 271 S.W.2d 527, 529. Even the interpretation and application of the terms of a federal statute does not give this Court jurisdiction. Kansas City Terminal Railway Co. v. Manion, Mo.Sup., 290 S.W.2d 63, 70 and cases cited; see also Swift & Co. v. Doe, Mo., 311 S.W.2d 15.

■ Although the construction of the terms of a compact between states sanctioned by Congress by virtue of Art. I, Sec. 10, Clause 3, U.S.Const. involves a federal title, right, privilege or immunity (Delaware River Joint Toll Bridge Commission, Pennsylvania-New Jersey v. Colburn, 310 U.S. 419, 60 S.Ct. 1039, 84 L.Ed. 1287), this applies only to compacts which "might tend to alter the political power of the states affected, and thus encroach on, or interfere with the supremacy of the United States." 81 C.J.S. States § 10, p. 904. Agreements for reciprocal arrangements concerning motor vehicle license fees are not within the scope of this compact clause of the Constitution. Bode v. Barrett, 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567; Bode v. Barrett, 412 Ill. 204, 106 N.E.2d 521; see also Dixie Wholesale Grocery v. Martin, 278 Ky. 705, 129 S.W.2d 181; Duncan v. Smith, Ky., 262 S.W.2d 373. However, the constitutional provision invoked in this case is. "No State shall * * * pass any * * * Law impairing the Obligation of Contract." Art. I, Sec. 10, Clause 1, U.S. Const. Sec. 301.270 was in effect prior to the Iowa reciprocity agreement relied on, as was Sec. 386.220; and this provision of the Constitution "does not apply to a law enacted prior to the making of the contract." 12 Am.Jur. 15, Sec. 387; see also 16 C.J.S. Constitutional Law § 277, p. 1278. Certainly, this would also be true of the similar provision in Art. I, Sec. 13, Constitution of Missouri. We, therefore, hold that this record does not present a

question of violation of the constitutional provisions against impairment of the obligation of contracts.

We, therefore, hold that we do not have jurisdiction of these cases and they are transferred to the Kansas City Court of Appeals.

All concur.