Keating, J.
Precision Automotive Parts, Inc. and its president, Edwin J. Trapp, stand convicted of violating section 962-a of the former Penal Law (now Labor Law, § 198-c). The statute, enacted to secure to workingmen the benefits to which they are entitled under collective bargaining agreements, read as follows: “ In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits, or wage supplements as defined in section two hundred twenty of the labor law, and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor and upon conviction shall be punished for a first offense by a fine of five hundred dollars or by "imprisonment for not more than one year, or by both such fine and imprisonment. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.”
The defendants-appellants, whose convictions after a trial before a Judge of the District Court of Nassau County were affirmed by the Appellate Term (Second Department), appeal to this court by permission of the Chief Judge.
On this appeal, in addition to challenging the sufficiency of the evidence, the appellants raise a question with regard to the constitutionality of section 962-a of the former Penal Law.
Since the evidence was clearly sufficient (1) to sustain the nonpayment by the corporation of moneys which were due certain union pension and welfare funds under a collective bargaining agreement to which the corporation was clearly bound, and (2) to establish that the individual defendant’s position as an officer of the corporation was such that he knew or should have known of the nonpayment, we shall proceed to a brief discussion of the constitutional issues raised by the defendants.
The defendants argue that the provisions of section 962-a of the former Penal Law are unconstitutional for the reason that “the statute gives to a favored group of persons the right to enforce criminally a purely civil obligation — a modern way of imprisoning for debt long since believed to be outlawed.” *616 (People v. Bloomenstiel, 48 Misc 2d 771, 773 [F. Y. City Crim. Ct., 1965].)
This argument we find to be without merit. The purpose of the statute was not to give “ a favored group of persons the right to enforce criminally a purely civil obligation ’ ’. It is designed to protect the rights of a group of persons, who have long been recognized to be proper objects of legislative concern, by providing penal sanctions against those employers who wrongfully withhold benefits which the employees have earned and to which they are entitled. The mere fact that the law provides the victim of the defendant’s transgressions a civil remedy does not deprive the Legislature of its power to prescribe criminal penalties. For the wrong which the defendants have done to the complainants they must respond civilly. For the wrong which they have done to a society which is concerned— and rightly so — that employees not be deprived of the fruits of their labors the defendants may be held to respond to penal sanctions.
Indeed, the statute in question was enacted in response to a decision of this court in People v. Vetri (309 N Y. 401, 408), which held that the provisions of section 1272 of the former Penal Law (now Labor Law, § 198-a), providing penal sanctions, similar to those present here, for improperly withholding “ wages ”, did not apply to vacation pay. “ If the Legislature desires to provide that the failure to pay vacation moneys or other benefits due an employee be deemed criminal,” we wrote, ‘ ‘ this purpose can readily be effected by appropriate amendment to the Labor Law or to the Penal Law.” The Legislature did just this by enacting section 962-a of the former Penal Law.
The argument has also been advanced that the statute is unconstitutional on its face for the reason that it subjects to criminal penalties corporate officers who may have been unaware of the corporate noncompliance and who might not have possessed the requisite authority to effectuate compliance with the statute.
The purpose of the statute, as we read it, is to place upon ‘ the president, secretary, treasurer or officers exercising corresponding functions ’ ’ the responsibility of enforcing corporate compliance with its mandate. This the Legislature had every right to do, (People v. Mancuso, 255 N. Y. 463; see, also, People *617 v. Omage, 18 N Y 2d 770.) The argument that the officer might be thwarted by the corporate management in his effort to effectuate compliance and, therefore, be convicted for “ an involuntary act ” is based upon an obvious misunderstanding of the alternatives which such an officer has open to him. Surely it would be no defense to a criminal prosecution involving an affirmative violation of a statute that the officer was ordered by the corporate management to perform a criminal act. There is no reason why a different result should be reached when the criminal act is,a failure to perform a duty commanded by the Legislature. In both instances the officer has two alternatives. He may acquiesce in the determination of the corporate management and face the possibility of criminal prosecution or he can disobey and perhaps sacrifice his position. The choice may be a difficult one. Doubtless at times compliance with the law results in personal inconvenience and hardship; yet, whatever bearing this may have on the nature of the punishment, it can have no bearing on the power of the Legislature to define criminal responsibility. (See, e.g., People v. Borrero, 19 N Y 2d 332.)
We are aware, as we believe the Legislature was, that in some corporations there are nominal officers who take no part whatever in the corporate management. Section 1272 of the former Penal Law, which the section in question was designed to supplement, provided that only those ‘ ‘ officers * * * who knowingly permit the corporation ” to violate the statute with regard to the payment of “ wages ” shall be guilty of a misdemeanor. In People v. Ahrend Co. (308 N. Y. 112, 114) we held that this language applied only to those officers ‘ ‘ who stand in such a relation to the corporation’s affairs that they actually know of the nonpayment.” The purpose of this provision, we noted, was “to exculpate nominal officers or any others who are not actually in touch with the corporate financial affairs.”
While the language in the statute with which we are concerned here is somewhat differently worded with respect to the responsibility of the corporate officers, we believe that the history of the statute and the circumstances under which it was enacted clearly indicate a legislative intent that the same standards apply. The purpose of section 962-a, as we have noted, was merely to supplement the provisions of section 1272 of the *618 former Penal Law to cover fringe benefits as well as wages. It would be rather anomalous to hold that a nominal corporate officer could be held for nonpayment of vacation pay or other fringe benefits while he could not be held for nonpayment of wages. The Legislature could hardly have intended such a distinction. We hold that the same standards apply to a prosecution under former section 962-a as applied under former section 1272 and that an officer may not be convicted of violating the statute unless he stood in such a relation to the corporate affairs that it may be presumed that he knew or should have known of and taken some steps to prevent the nonpayment.
Even under this more limited construction, however, the defendant Trapp would not be entitled to a reversal of his conviction. The evidence indicates beyond any reasonable doubt that the defendant, who was apparently the only active officer as well as the principal shareholder of the corporation, was intimately involved in the affairs of the corporation and that he knew or should have known of the nonpayment.
We have examined the remaining arguments raised by the appellants and find them to be without merit.
The judgments of conviction should be affirmed.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scideppi, Bergan and Breitel concur.
Judgment affirmed.