Julian Hertz, J.
This is a motion pursuant to paragraphs (a) and (c) of subdivision 1 of CPL 170.35 and CPL 170.40 to dismiss the misdemeanor information filed pursuant to section 198-c of the Labor Law. The allegations of the information pertain to the alleged refusal of the defendants to provide severance pay to nine now retired employees, all of whom were members of the labor union known as the Marine Technicians Guild. It is charged in the accusatory instrument that these payments were due to the retirees within 30 days after termination of their employment. The corporate defendant employer is a naval architecture and marine engineering firm. The individual defendants are the president and treasurer of the corporate defendant at the time when the violations are alleged to have been committed.
Defendants urge dismissal of the information on multiple grounds. Primarily, their positioh is bound up in the alleged impropriety of this criminal prosecution based on their contention, in sum, that this is a contract dispute and that termination pay under a collective agreement was not due inasmuch as the complainants received a payment in the nature of an allowance equal to 13 weeks at full pay when their services were terminated because of lack of work and they retired between May 22 and August 14,1970.
It is well to note the defendants’ assertion that the corporation could have paid the termination moneys in issue and reduced the pension correspondingly but it chose not to do so. Parenthetically, this decision is alleged to have benefited the retirees since, thereby, they received a benefit within the ambit of the pension and secured a tax benefit. Despite this, the prosecution in dispute was initiated based upon the claims of the complainants (and their union) that termination, payments are unrelated to, pension rights and not disminished thereby. Indeed, the court is informed that a Supreme Court proceeding raised this same issue. That question was, however, then referred to arbitration.
Although it is asserted that these complaints to the New York State Department of Labor were designed to pressure the defendants in the arbitration, nothing on this motion supports that bald assertion. It is admitted that the April, 1972 arbitration award was adverse to the corporation. However that may be, it is plain that the decision in the arbitration in no way binds this court. In any event, a conviction here would apparently *244 comport with at least some aspect of the arbitrator’s decision. It is stated that the arbitrator awarded both termination pay and full pensions only to those retirees (including six of the nine complainants herein) who were in the 75 to 80 age and service group at the time of retirement. Both benefits have now allegedly been paid to those six, leaving only three aggrieved complainants. But it is also significant that the Attorney-General states the rights of the other three complainants were not before the arbitrator. Dual payments to six of the retirees concerned herein were allegedly made pursuant to a new agreement with the union by means of which the company settled the civil litigation to the extent, at least, and in conformity with the arbitration award, by paying $65,973.45 to 45 retirees under the 75 to 80 age and service provision of the pension plan. If it is eventually found defendants were bound to make dual payments, it is to be noted those payments to the six superannuated employees allegedly came over two years after the sums were due, rather than within 30 days as the statute requires.
Defendants contend that the decision of the arbitrator erroneously found that severance and termination payments were due some retirees, and the defendants urge the apparently unassailable view that the arbitration award should not have any estoppel value in judicial proceedings. On the merits they insist para-r graph 7, section II of the pension plan precludes the result reached by the arbitrator.
They proceed to urge the impropriety of criminal proceedings referring to themselves as responsible citizens interested in an orderly civil adjudication of rights and obligations of contract beneficiaries. They contend that section 198-c of the Labor Law is inapplicable here by reason of1 the fact that the wage supplements demanded were not payable under the collective agreement into which the pension plan should be read. Moreover, the defendants claim the union and its employees understood the pension plan was a part of the collective agreement by specific language incorporating it (Collective Bargaining Agreement, art. XVII).
Defendants, without contradiction, refer, as afore-mentioned, to the alleged fact that each complainant received a severance allowance of 13 weeks’ pay (but whether pursuant to the pension plan or otherwise is an unresolved question). That plan provides: “If any Pensioner is or shall become entitled to or shall be paid any discharge, liquidation or dismissal or severance allowance or payment of similar kind by reason of any plan of the employing companies * * * then the total *245 amount paid or payable to Mm in respect of any such allowance or payment may, in the discretion of the general pension board, be deducted from the amount of any Regular Pension otherwise payable to such pensioner under this plan.” Consequently, defendants contend a criminal prosecution may not rest on an allegedly truncated consideration of the employer’s obligations. But in pursuing their conclusion and in support of the contention that the information is defective on its face as tested under CPL 100.15, they do, as the Attorney-General asserts, argue for summary judgment for which there is no authority in the criminal law.
As it must on this motion to dismiss for insufficiency, the court accepts as true the allegations of the information. Otherwise stated, defendants’ position appears to rest on the contention that the contents of the information do not accurately interpret the contract relationship between the corporate defendant and the union as it bears upon the rights of retiring employees. That position depends upon the ultimate question of whether the provision of the collective agreement for severance pay is modified by the pension plan. In the present posture of this case the question of the effect, if any, of the pension plan will present new and defensive matter which may be found to require acquittal. If, indeed, the defendants are correct that the People’s reliance on article X of the collective agreement is a myopic and improperly selective distortion of the contractual relationsMp, the defendants then may derive some solace in the generally less-protracted proceedings involved in criminal prosecutions, although it may also be that a civil resolution of this dispute might well have been preferable. It is, of course, beyond question that the availability of civil remedies does not preclude a criminal prosecution.
The challenge under CPL 100.40 to this information as it refers to defendant Malmstrom on the ground that (according to the affidavits of the complainants) demands for payment were made solely upon defendant Gibbs is rejected. Assuming that no demand was ever made upon Malmstrom, the obligation imposed by statute on the treasurer suffices without the prerequisite of notice or demand directed to him. To the extent that the decision in People v. Trapp (20 N Y 2d 613 [1967]), is relied upon for a contrary rule it is rejected on the theory that the Trapp case concerned the now repealed section 962-a of the Penal Law and on the ground that that case involved a constitutional challenge to that law. Comments respecting tMs issue in the Trapp decision are viewed as dictum in the light of the *246 legislative decision to depart from the scheme of section 198-a where the qualification to liability is that one knowingly permits a violation. Section 198-c of1 the Labor Law plainly provides named officers including the treasurer are liable for failure to pay benefits or wage supplements. A similar construction was recently placed on section 52 of the Workmen’s 'Compensation Law in People v. Ball (N. Y. L. J., Jan. 26, 1973, p. 2, col. 4 [App. Term, 1st Dept.]).
The additional argument is also persuasive that the decision in Trapp (supra) referred to officers who might, from the proof on trial, be found to be merely nominal.
In these circumstances, considering the charges in the information that a number of the employees have not been paid their due, the People appear on firm ground when urging that dismissal of this prosecution pursuant to CPL 170.40 in the interests of justice is contraindicated.
Arguments challenging the constitutionality of section 198-c of the Labor Law distinctly appear to lack merit even when related to the particular prosecution at bar.
The motion is denied.