STATE of Missouri, Respondent,

v.

James T. LONGSTREET, Appellant.

No. 36875.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 13, 1976.

McQuie & Deiter, Walter D. McQuie, Jr., Montgomery City, for appellant.

James G. Gregory, Pros. Atty., of Montgomery County, Montgomery City, for respondent.

NORWIN D. HOUSER, Special Judge.

Appeal by James T. Longstreet from a judgment of conviction and assessment of a $1.00 fine on each of two counts following jury-waiver trial of an information charging failure to file timely sales tax returns and pay tax under § 144.080, RSMo 1969.

The information, filed by the Prosecuting Attorney of Montgomery County, alleged that James Thomas Longstreet is manager and the officer of Ranch Roy-L Inc., a Missouri corporation, responsible for the filing of Missouri State Sales Tax Returns. Count I charged that he wilfully and unlawfully failed to file a quarterly Missouri Sales Tax Return for the calendar quarter commencing July 1, 1973, and ending September 30, 1973, on or before the 30th day of October, 1973, by which day such return was required by law to be filed. In Count II he was charged with wilfully, etc. failing to timely file such a return for the next ensuing quarter. Defendant pleaded not guilty to both counts. A jury was waived with the assent of the court, and the cause was submitted on stipulations by counsel for State and defendant.

These are the stipulated facts: Ranch Roy-L Inc. is a Missouri corporation engaged in the business of making sales and services for which a Missouri sales tax is required to be collected and transmitted to the state department of revenue. Its principal place of business in Missouri is located at High Hill in Montgomery County. The president of the corporation, who owns more than 50% of the outstanding stock, is Roy W. Longstreet. Defendant James T.

Longstreet is a son of Roy. William Longstreet is another son of Roy. The balance of the stock not owned by Roy is held in equal shares by William and James. William is treasurer and James is secretary of the corporation. At all times in question James was managing agent and managing officer of the corporation, with the title of "Executive Vice-President," and as such he was the person who was responsible for the filing of the corporation's sales tax returns. At no time did James contend that any other person was responsible for filing returns due by the corporation. His counsel conceded that "[t]he sales tax[es] due from the Corporation were the responsibility of the Defendant * * *."

It was further stipulated that during the time in question James, himself, was not engaged in any business that would require him as an individual to file any sales tax returns or remit any money to the department of revenue.

James knew the returns were due and knew the dates by which they were required by law to be filed. During the quarter mentioned in Count I the corporation made taxable sales on which a total of $2,121.96 sales tax came due. During the quarter mentioned in Count II sales taxes of $989.26 accrued. Following the sending of a notice of delinquency investigators for the department of revenue made an investigation under Chapter 144, and on May 9, 1974 all taxes, delinquencies and penalties were paid by the corporation, and sales tax forms, addressed and mailed to Ranch Roy-L, properly filled out and signed by James T. Longstreet as Executive Vice President, were filed with the department, thus bringing the corporation into compliance with the sales tax law.

Appellant makes the following single point: "The verdict is contrary to the evidence and law in that * * * appellant, as an individual, was not subject to the requirements of the Sales Tax Act * * * since he * * * was not exercising the privilege of selling property or rendering service at retail, and he did not on his own account and for his own use receive any payment or consideration upon the sale of property or rendering of service subject to the tax imposed by Chapter 144, supra. Section 144.080 * * * does not expressly, nor by inference, impose criminal sanctions upon agents, servants, or employees of corporations subject to the Sales Tax Act, limiting punishment for violation thereof in this case to the corporation for which appellant acted or failed to act; and the offense charged being one of failure to perform a required act, which is an offense solely because of legislative enactment, appellant is not answerable therefor as a matter of law separate and apart from statutorily imposed liability."

Both parties agree that this Court has jurisdiction, but in accordance with our duty we examine sua sponte the question whether we have the power to entertain this appeal. The immediate question is whether this appeal is a case "involving * * * the construction of the revenue laws of this state * * *," and is therefore within the exclusive jurisdiction of the Supreme Court, under Constitution of Missouri, Art. V, § 3.

The pertinent sections of Chapter 144, Sales and Use Tax, are as follows:

Section 144.080 1. "Every person receiving any payment or consideration upon the sale of property or rendering of service, subject to the tax imposed by the provisions of sections 144.010 to 144.510, is exercising the taxable privilege of selling the property or rendering the service at retail and is subject to the tax levied in section 144.020. He shall be responsible not only for the collection of the amount of the tax imposed on the sale or service to the extent possible under the provisions of section 144.285, but shall, on or before the thirtieth day of the month following each calendar quarterly period of three months, make a return to the director of revenue showing his gross receipts and the amount of tax levied in section 144.020 for the preceding quarter, and shall remit to the director of revenue, with the return, the taxes levied in section 144.020."

&ast; &ast; &ast; &ast; &ast; &ast;

5. " * * * Any person violating any of the provisions of this section shall be guilty of a misdemeanor."

Section 144.010 1. "The following words, terms and phrases when used in sections 144.010 to 144.510 have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning.

\* \* \* \* \* \*

"(6) 'Person' includes any individual, firm, copartnership, joint adventure, association, corporation, municipal or private, and whether organized for profit or not, state, county, political subdivision, state department, commission, board, bureau or agency, except the state highway department, estate, trust, business trust, receiver or trustee appointed by the state or federal court, syndicate, or any other group or combination acting as a unit, and the plural as well as the singular number."

Section 144.510. "Any person, officer, agent or employee of any firm, corporation, association, joint adventure, estate, trust, receiver or syndicate violating any of the provisions of sections 144.010 to 144.510 shall be deemed guilty of a misdemeanor, and, where punishment is not otherwise provided for herein, shall be punished for such."

The determinative question is whether the managing officer of a corporation subject to the sales tax law, by virtue of the foregoing provisions, or by implication or statutory construction, is a "person" within the meaning of the law; whether the duty to collect the tax, make the return and remit the tax falls upon James T. Longstreet individually and personally by virtue of his capacity as manager and officer responsible for collecting the tax, filing returns and remitting the tax, so as to make him criminally responsible for failure to comply with the statutory requirements, or whether the corporation alone is liable and the individual is to be exculpated.

The solution of this question requires a review and construction of the foregoing sections of the revenue laws of this state.

It is so briefed by the parties. Under the pleadings, evidence and briefs, it is not possible to decide this case on the merits without construing the Sales Tax Act. See *State ex rel. Rudder v. Haphe,* 326 Mo. 460, 31 S.W.2d 788 (1930), where the immediate question was whether the duty to pay personal property taxes rested upon an administrator as an individual or in his capacity as executor. In that case the Supreme Court, retaining jurisdiction, quoted and construed the pertinent taxing statutes and concluded that taxes may be assessed against the person having charge and control of the property; that when so assessed they constitute a personal debt, and whether the care, charge and management of the property devolves upon one as trustee, administrator, executor, curator or agent is of no consequence; that "he is made liable for the taxes on the property simply because he has charge and control of it, and not because of the capacity in which he holds it." 31 S.W.2d 1. c. 790.

That case, however, was a civil suit, whereas this is an appeal from a misdemeanor conviction. This is a criminal case. The appellate jurisdiction of the Supreme Court in criminal cases is governed by the grade of the offense, *State v. Zinn,* 141 Mo. 329, 42 S.W. 938 (1897); *State v. Lauridsen,* 312 S.W.2d 140 (Mo.1958), "and not by indirect and incidental determinations as to compliance with revenue laws which may be the subject of the crime." *State v. Lauridsen,* supra, 312 S.W.2d 1. c. 142. In order to fit the constitutional classification of cases involving the construction of the revenue laws the revenue law in question " 'must be directly and primarily concerned, not merely indirect or as an incident.' *State ex rel. Atty. Gen. v. Adkins,* 221 Mo. 112, 119 S.W. 1091, 1. c. 1093 (1909); *White v. Boyne,* 324 Mo. 176, 23 S.W.2d 107 (1929); *State v. Lauridsen,* 312 S.W.2d 140 (Mo. 1958); *Young v. Brassfield,* 223 S.W.2d 491 (Mo.1949); *White v. State Social Security Commission,* 345 Mo. 1046, 137 S.W.2d 569, 571 (1940)." *Robb v. Estate of Brown,* 518 S.W.2d 729, 731–732 (Mo.App.1974). The meritorious question here is whether the defendant is guilty or innocent of the crime

charged. The ultimate result in this case—a determination that the defendant is guilty or innocent of failure to file timely sales tax returns and pay the tax—"does not directly affect the right of the state to collect revenue, prohibit it from collecting any revenue, or to do any act or enforce any obligation in connection therewith, or to directly adjudge or enforce the payment of any revenue." Idem. The only effect the outcome of this appeal would have on the revenue laws of this state would be indirect and incidental. That is not enough to divest this court of jurisdiction and bring this appeal within the exclusive jurisdiction of the Supreme Court.

■■■ On the merits we are of the opinion that James T. Longstreet, acting in a representative capacity as the managing agent of the corporation, charged with the official duty of filing the corporation's sales tax returns and paying sales taxes due by the corporation, is a "person" within the meaning of § 144.080 1., and as such is criminally liable, after collecting the taxes, for failure to file the required returns on time and remit the taxes; and that he is not to be excused from criminal liability on the ground that he was acting in a representative capacity only and not in the conduct of his own personal, individual business. No provision of the Sales Tax Act indicates any intention to exonerate corporate officers who violate the Act. The opposite intention is evident. The plain and obvious intent of the General Assembly in enacting these sections was to impose the statutory obligation to file timely returns and remit sales taxes not only upon corporations exercising the taxable privilege but also upon officers, agents and employees of such corporations where the latter receive any payment or consideration due the corporation upon the sale of property or rendering of sevice by the corporation. To insulate such officers, agents, etc. from criminal liability would effectively defeat the purposes of the Act. The corporate officer, agent and employee in charge of corporate sales tax receipts is made liable to collect, make return of and remit the sales tax *because he receives the payment or consideration involved in the transaction.* The administrator was held liable for the taxes in *State ex rel. Rudder v. Haphe,* supra, because he had charge of and control of the property and not because of the capacity in which he held it. Likewise, in the case before us the officer, etc. of the corporation in charge of corporate sales tax receipts is liable under the plain terms of the statute simply because he received the payments or consideration for the corporate transactions in question, regardless of the fact that he acted in a representative capacity. That the General Assembly intended to fix the responsibility upon the corporate personnel who are charged with the responsibility of attending to corporate sales tax matters, as well as upon the corporation itself, is made abundantly clear from a reading of § 144.510, which specifically names officers, agents and employees of corporations among the classes of entities liable criminally for a violation of any of the provisions of the Sales Tax Act.

Our conclusion is fortified by the case of *United States v. Wise,* 370 U.S. 405, 82 S.Ct. 1354, 8 L.Ed.2d 590 (1962), in which the Supreme Court of the United States held that the Sherman Act provision that "Every person who shall make any contract or engage in any combination or conspiracy * * * shall be deemed guilty of a misdemeanor" 15 U.S.C. § 1, applies to corporate officers acting in a representative capacity; that "[n]o intent to exculpate a corporate officer who violates the law is to be imputed to Congress without clear compulsion," and that the Act should be construed "in its common-sense meaning to apply to all officers who have a responsible share in the proscribed transaction." 370 U.S. l. c. 409, 82 S.Ct. l. c. 1358. See also *People v. Trapp,* 20 N.Y.2d 613, 286 N.Y.S.2d 11, 233 N.E.2d 110 (1967); *People v. Milton C. Johnson Co.,* 71 Misc.2d 870, 337 N.Y.S.2d 477 (1972); *People v. Gibbs & Cox, Inc.,* 74 Misc.2d 242, 342 N.Y.S.2d 170 (1973); *Spivak v. United States,* 370 F.2d 612, 615[3] (1967), cert. den. 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625,

and *Ruby v. Mayer,* 194 F.Supp. 594, 597 (D.N.J.1961).

Judgments on both counts affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.