**COLLECTOR OF REVENUE OF the CITY OF ST. LOUIS, Missouri, Plaintiff-Respondent,**

v.

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (PARCELS 24–069 AND 24–070), Defendant-Appellant.**

No. 38370.

Missouri Court of Appeals, St. Louis District, Division Four.

Aug. 8, 1978.

Bruce Nangle, Clayton, for defendant-appellant.

James E. Crowe, Jack L. Koehr, City Counselor, James J. Wilson, Associate City Counselor, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant Parcels of Land appeals from a judgment of the Circuit Court of the City of St. Louis foreclosing tax liens vested in plaintiff Collector of Revenue. We granted the motion of the Land Reutilization Authority of St. Louis to intervene in this appeal. Since this court has no jurisdiction over the construction of a revenue statute, we transfer the case to the Supreme Court.[1]

---

1. Both respondent Collector of Revenue and Intervenor Land Reutilization Authority contend that jurisdiction of this appeal is with the Supreme Court because it involves the construction of a revenue statute.

The Municipal Land Reutilization Law § 92.700 et al. RSMo 1975 (MLRL) establishes procedures for enforcement of tax liens by qualifying cities. On October 9, 1975 the Collector of Revenue filed suit under this statute to foreclose tax liens on a number of parcels of real estate, including those involved in this appeal. Notice of the filing of the suit as required by § 92.760 was mailed on October 3, 1975 to defendant, who is the record owner of the land involved here.

On January 30, 1976 defendant filed his Amended Answer. The answer was limited to challenging the constitutionality of the statute and requesting attorney fees. Defendant filed interrogatories concerning the constitutionality of the statute and a hearing on March 25, 1976 was likewise limited to the constitutional issue. Defendant was represented by his attorney at the hearing. The court granted the judgment of foreclosure to plaintiff against defendant on July 19, 1976.

 Defendant's basic contention on appeal is that the MLRL violates due process guarantees because it does not require either service of process on the legal title owner of the land or an affidavit stating that the owner is unavailable. This contention was first raised in defendant's answer. Defendant thus complied with the rule that constitutional issues be raised at the earliest opportunity and thereafter preserved. *Christiansen v. Fulton State Hospital,* 536 S.W.2d 159, 160[1] (Mo.banc 1976). In addition, defendant appeared specially for the limited purpose of challenging the constitutionality of the statute. *State v. Weinstein,* 411 S.W.2d 267, 273[9, 10] (Mo.App.1967). Since defendant entered a special appearance, the rule that a defendant does not have standing to question the constitutionality of notice provisions of a statute where he received the notice, entered an appearance, and filed an answer is not applicable here. *Collector of Revenue for the City of St. Louis, Missouri v. Parcels of Land Encumbered with Delinquent Tax Liens (Serial Number 17–143),* (Mo.banc, filed April 28, 1978) 566 S.W.2d 475.

The Supreme Court possesses exclusive appellate jurisdiction over matters involving "the construction of the revenue laws of this state." Mo.Const. Art. V, § 3. For the Supreme Court to have such jurisdiction, construction of the revenue law must be directly and primarily involved, and not merely incidental to the challenge of the statute. *Robb v. Estate of Brown,* 518 S.W.2d 729, 731–732[1, 2] (Mo.App. 1974); *State v. Longstreet,* 536 S.W.2d 185, 188[1] (Mo.App.1976). Challenges to the MLRL on due process grounds directly involves the construction of a revenue statute. See *Collector of Revenue v. Parcels of Land,* 517 S.W.2d 49 (Mo.1974).

The Supreme Court is vested with exclusive appellate jurisdiction in such cases. Mo.Const. Art. V, § 3. Therefore, the motion of the Land Reutilization Authority to transfer the case to the Supreme Court because it involves the construction of a revenue statute is granted.

The case is transferred to the Supreme Court.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.